DREW, Chief Justice.-
This common law action was commenced in the lower court.February- 5, 1951. February 14, 1955, the defendant b.elovy moved the court to. dismiss the cause pursuant to Section 45..19, F.S.1953, F.S.A., “because it affirmatively appears that no action of any kind has been taken therein since September 25, 1953.” This motion was granted and an order of dismissal was entered the same day. More than two months later, April 20, 1955, plaintiffs filed a motion to vacate the order of dismissal, and to reinstate the cause. Su.ch motion was granted and the court entered an order reinstating the cause on May 31, 1955.
Defendant petitions this Court for cer-tiorari -to review the order' reinstating the cause and urges that it be quashed for the reason that the Court had no jurisdiction to enter it.
The situation presented to this-Court by the record before us is identical to that in the case of Ivy H. Smith Co. v. Moccia, Fla. 1952, 59 So.2d 629, where we granted certiorari and quashed the order reinstating the cause.
In support of the validity of the- order of dismissal, respondent alleges that he wrote the Clerk of the lower court on February 5, 1955, inquiring about the case and refers to a letter from the Clerk, under date of February 8, 1955, advising him that the •case would be placed on the trial docket for the spring term of the court beginning the following April 25. ' This letter can have no effect under the facts presented. It was not a step in the cause as contemplated by the statute. Moreover, it was never filed in the cause nor appeared on the docket until the motion to vacate was filed and then it was no more than an exhibit.
On the authority of the last mentioned case, certiorari is granted and the order reinstating the cause is quashed.
TERRELL, ROBERTS and BUFORD, JJ., concur,