CARROLL, CHAS., Chief Judge.
On requesting this court to grant an extension of time for filing the record on appeal, the appellant’s motion discloses that his counsel obtained an extension of 60 days, in the trial court, on an oral application without prior notice, and that the effectiveness of that extension is doubted.
In responding to the motion the State made no objection to an extension by this court, but questioned the validity of the extension in the trial court for its lack of notice.
It is necessary for this court to pass upon the validity and effectiveness of the extension as granted by the trial court, be *623 cause if it is effective then this court need grant no extension for the same period or any part of it, but if it is invalid, then this court should consider an extension under the present motion.
The applicable provision of the Florida Appellate Rules, under Part VI relating to criminal appeals, is Rule 6.9b, 31 F.S.A., which deals with preparation and filing of the record, reading as follows:
“Filing and Service. Within forty days from the date an appeal is taken by the defendant, he shall file the appeal record with the clerk of the appellate court and serve a copy thereof upon the attorney general, even though the state may also have appealed under authority of Section 924.07(4), Florida Statutes, by filing either a notice of appeal or cross assignments of error, unless the time is extended by a judge of the lower court or a judge or justice of the appellate court, as the case may be; provided that no extension of time for more than ten days shall be granted without notice to the adverse party. If an extension is granted by the judge of the lower court, a certified copy of the order granting such extension shall be immediately transmitted to the clerk of the appellate court and to the attorney general by the attorney at whose instance it was procured or by the defendant if not procured at the instance of an attorney.” [Emphasis supplied.]
From the notice of appeal, the motion for extension and the State’s response thereto, the following circumstances are shown. The appeal was commenced on February 27, 1958. Under the rule quoted above, 40 days was allowed for preparation and filing of the record, making it due on April 8. On March 27 appellant’s counsel appeared before the trial court, without having given prior notice, and made an oral motion for a 60-day extension of the time for filing the record, which the court granted. No written order was made and therefore there was no compliance with the requirement for immediate transmission of a certified copy of the order to this court and to the attorney general. On those facts, a valid and effective extension of time for the filing of the record was not obtained.
It is plain from the rule that an application for extension beyond 10 days may be made only after notice to the adverse party. The requirement set out in the rule for service of a copy of the notice of appeal on the attorney general, and the further requirement for sending the attorney general a certified copy of an order of extension when made, show that the attorney general is the person on whom notice should be served where the State is “the adverse party.” Under the law, the attorney general acts for the State in such matters after commencement of appeal, and as the present record discloses, the attorney general maintains an office for such purposes in this county, at 439 Anastasia Avenue, in Coral Gables. Compliance with the rule would appear to require that such an extension of time for filing the record on appeal, if made, should be evidenced by a written order. That is so, because the rule directs that “a certified copy of the order granting such extension” shall be transmitted immediately to the clerk of the appellate court and to the attorney general, by the attorney for the defendant who obtains such extension.
Under the circumstances and in the absence of an objection from the State after notice and argument before this court, the appellant’s motion for an extension of time within which it may file the record on appeal herein is granted, and 15 days from the date of this order is allowed for that purpose.
It is so ordered.
HORTON and PEARSON, JJ., concur.