STURGIS, Chief Judge.
Although more than fourteen months have elapsed since this appeal was instituted on July 3, 1957, the file in this court is limited to copies of the notice of appeal and of six orders entered by the Court of Record of Escambia County, each extending the time for filing the transcript of record.
The mentioned orders are not predicated upon formal motions, but at the foot of each is a consent to its entry signed by the attorney for appellant and an assistant county solicitor for Escambia County. Each order implies that it was entered in reliance on that consent and that the extension was necessary because of the failure of the official court reporter to complete transcription of the testimony
There is nothing to reflect that good cause existed for the repeated failure of the court reporter to timely prepare the transcript of the testimony, as was his duty, or that any action was taken by appellant to require him to do so. Indeed the first of the subject orders was entered February 19, 1958, more than seven months after the entry of the appeal, at which time the period prescribed for filing the record had long since expired. See Florida Appellate Rule 6.9, 31 F.S.A.
The public and the bench and bar have a very real interest in the prompt dispatch of appeals. Court reporters are officers of the court and are amenable to its processes for failure to perform their duties. International Shoe Co. v. Carmichael, Fla.App., opinion filed July 29, 1958. Where the record on appeal is not perfected within the time prescribed by the rules and an extension is granted by the trial court, it is not only necessary that a good cause appear for such extension but that there be filed in the appellate court a copy of the formal showing in that behalf, as well as of the order entered thereon.
The responsibility rests on the appellant to keep abreast of the progress of the appeal and to take timely action to insure the performance by others of any acts necessary to the perfection of the appeal within the time and in the manner prescribed by the rules, as well as to call to account before the court the failure of others to perform any act required of them.
The Attorney General alone is authorized to represent the state in the district courts of appeal, and the prosecuting officials at the trial level have no authority whatever to stipulate in respect to or in any manner control the progress of the appeal, as was attempted to be done by the assistant county solicitor for Escambia County in this cause. It follows that the trial court was in error in recognizing the consent of that official as a basis for the orders in question. Shaw v. State, Fla.App., 104 So.2d 622.
The fifth order extended the time for filing the transcript of record to August 15, 1958. On September 15, 1958, thirty days after the expiration of the time allowed by the fifth order in line of succession, the Honorable Kirke M. Beall, Judge of the court of record, who entered all orders referred to, entered the sixth order extending the period for fifteen days. No excuse is shown for the failure of the appellant to seasonably apply to the trial court or to this court for the last mentioned extension.
An order will be entered requiring the appellant to show cause before this court why said cause should not be dismissed because of the defaults herein mentioned.
CARROLL, DONALD, and WIGGIN-TON, JJ., concur.