112 So.2d 855 (1959)
C.C. ALLEN and Walter Anderson. Petitioners,
v.
Virgil GAITHER, Respondent.
No. B-92.
District Court of Appeal of Florida. First District.
May 28, 1959.
Rehearing Denied June 29, 1959.
*856 Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for petitioners.
Williams & Owen, Tallahassee, for respondent.
MOODY, JAMES S., Associate Judge.
The petitioners herein and defendants below ask certiorari to an order of the Circuit Court for Baker County reinstating the respondent's cause of action previously dismissed for lack of prosecution under Section 45.19(1), Florida Statutes, F.S.A. This statute provides that after a cause has been dismissed it may be reinstated "by petition upon good cause shown to the court".
It appears that the respondent, hereinafter called the plaintiff, filed his complaint February 18, 1956, for personal injuries, to which petitioners, hereinafter called the defendants, filed their answer on March 19, 1956. The pertinent subsequent proceedings were as follows: orders were entered requiring the plaintiff to submit to physical examination, the last order being dated September 1, 1956; plaintiff, by letter dated October 9, 1956, requested the clerk of the circuit court to place the case on the trial docket and the last affirmative matter of record was the filing of a deposition on March 5, 1957; thereafter, on March 6, 1958, defendants filed their motion to dismiss for lack of prosecution, which motion was granted and the case dismissed by order dated March 12, 1958.
Within the required 30 day period plaintiff filed his petition to reinstate the cause, attaching various correspondence, all written prior to March 5, 1957, together with an affidavit by plaintiff stating in effect that he had been physically unable to take the physical examination ordered by the court due to his physical inability to travel from Tallahassee, his home, to Jacksonville, where the office of the examining physician was located. The affidavit stated further that "affiant is read for trial and has been ready for trial since June of 1956". Order granting said motion and reinstating the cause of action was entered November 21, 1958, reciting "that the ends of justice require that petition to reinstate this cause of action be granted on condition that the plaintiff, Virgil Gaither, submit himself to Dr. Hugh Haston, Jr. of Jacksonville, Florida, for a physical examination within thirty days * * *".
Plaintiff frankly admits no action was taken in the cause after March 5, 1957, but takes the position that by requesting the placing of the cause on the trial docket he had fulfilled his obligation under the statute and it was not incumbent upon him under the above statute to see that the case was actually set for trial within the one year period or request a continuance. This position does not constitute sufficient cause for reinstatement. Miller v. Hartley's, Inc., Fla.App. 1957, 97 So.2d 211; Atlantic Coastline Railroad v. Hill, Fla., 1955, 76 So.2d 861; Elmer A. Yelvington & Son, Inc. v. Sheridan, Fla., 1953, 65 So.2d 44; Railway Express Agency v. Hoagland, Fla., 1952, 62 So.2d 756.
*857 The primary purpose of the statute, as has been frequently stated, is to expedite litigation. In Gulf Appliance Distributors, Inc. v. Long, Fla., 1951, 53 So.2d 706, 707, the court quoted:
"As stated by the Louisiana court in Augusta Sugar Company Limited v. Haley, 163 La. 814, 112 So. 731, 732, in construing a similar statute: `We think that a step in the prosecution of a suit means something more than a mere passive effort to keep the suit on the docket of the court; it means some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment. * * *'"
Petition for writ of certiorari is hereby granted and the chancellor is directed to set aside the order dated November 21, 1958, reinstating the cause and to dismiss the cause.
STURGIS, C.J., and WIGGINTON, J., concur.