CARROLL, DONALD K., Judge.
In each of two criminal appeals the State of Florida has filed a motion to set aside an order entered by the Circuit Court for Columbia County extending the time for the appellant to file the record-on-appeal in the appeal to this court.
In this order the court approved a stipulation entered into by the parties and provided that “the time for filing said record-on-appeal is extended and fixed for a period of 60 days from the date counsel for the Defendant * * * is furnished with a copy of the testimony.”
Rule 6.9 of the Florida Appellate Rules, 31 F.S.A., provides that in a criminal appeal taken by a defendant he shall, within 40 days from the date the appeal is taken, file the appeal record with the clerk of the appellate court and serve a copy thereof upon the Attorney General. Rule 6.61 provides that after the entry of a criminal appeal but before the record-on-appeal is filed in the appellate court, the fixing or extension of time within which the rules require certain things should be done, shall be “under the supervision of the lower court, subject to the control of the appellate court by motion on proper notice.”
There can be no question, therefore, of the Circuit Court’s authority in the instant case to extend the time for the appellant to file the record-on-appeal, nor any question of our power to review the extension order.
The argument of the State is that, since the order fixes no definite time for filing the record-on-appeal, a very long time might pass without that record’s being filed, resulting in an unreasonable delay in concluding an appellate review of the cause. We think this position is well taken.
The failure of the order to set a definite time within which to file the record could easily result in placing the defendant, the State, and the courts at the mercy of the court reporter in the matter of progressing the appeal. The court reporter would no longer be under pressure promptly to prepare the transcript of testimony, for there would be no deadline to meet. It is our experience that many court reporters consider themselves overwhelmed with work, a condition aggravated by the reluctance of some reporters to refuse any opportunity to report various proceedings, regardless of the size of the backlog of unfinished work.
We can think of no reason why court reporters, who are officers of the court, should not be expected to perform diligently and timely their duties that play such a vital role in the administration of justice. As we said in Lambert v. State, Fla.App., 105 So.2d 612 (1958): “The public and the bench and bar have a very real *858 interest in the prompt dispatch of appeals. Court reporters are officers of the court and are amenable to its processes for failure to perform their duties.”
A final consideration is that an “open-end” extension order, like that before us, is not compatible with the sound policy that criminal appeals should be expedited. The Supreme Court of Florida in effect recognized this policy when it adopted Rule 6.14 of the Florida Appellate Rules, providing in pertinent part: “All appeals in criminal cases shall have precedence over other appeals and shall be placed first upon the calendar for hearing.”
The State’s motion to set aside the extension order before is granted and the order is set aside. This cause is remanded to the Circuit Court with directions to enter an order fixing a definite time within which the appellant shall file in this court the record-on-appeal.
So ordered.
RAWLS, J., concurs.
STURGIS, C. J., concurs specially.