HORTON, Judge.
The appellant seeks reversal of an order of dismissal for lack of prosecution and an order denying his petition for reinstatement, both entered pursuant to § 45.19(1), Fla. Stat., F.S.A.[1]
The salient dates around which the controversy on this appeal arises are as follows. Answers to interrogatories propounded to the defendants Coyle was filed on September 8, 1961. The appellant, on September 6, 1962, filed a written notice of trial and praecipe for docketing with the clerk of the trial court. On September 18, 1962, the appellees Coyle Beverages, Inc. and Coyle Beverages of Broward, Inc., filed a motion to dismiss the appellant’s cause of action for lack of prosecution pursuant to the provisions of § 45.19, supra. In granting the motion to dismiss for lack of prosecution, the trial court relied upon the decision of this court in Adams Engineering Co. v. Construction Products Corp., Fla.App.1962, 141 So.2d 300. In the latter case, this court reversed an order denying a motion to dismiss for lack of prosecution on the theory that a mere request of the clerk to place the cause on the trial docket was not “action” taken in the prosecution of the case. On certiorari, the Supreme Court of Florida quashed the decision and judgment of this court,[2] holding that “such an order is subject to attack only upon the ground that it constitutes an abuse of discretion, and this heavy burden must be borne by the losing party.” The controlling element of the Supreme Court’s decision appears to be that a ruling of the trial court in matters involving the dismissal of actions for lack of prosecution and/or their reinstatement must be regarded as discretionary.
In the case at bar, the record discloses that a written notice of trial and a praecipe for docketing was filed within the one-year period. Since such action has been regarded as a step in the prosecution of the cause, we conclude, that the trial judge’s *909 granting of the motion to dismiss was an abuse of discretion, as was his denial of the motion for reinstatement.
Accordingly, the orders appealed are reversed.

. “§ 45.19(1). All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12 o’clock noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for. a period of one (1) year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one (1) month after such order of dismissal.”

. Adams Engineering Company, Inc. v. Construction Products Corporation, et al., Fla.1963, 156 So.2d 497.