HORTON, Judge
(dissenting).
I respectfully dissent from the opinion and conclusions reached by the majority in this case.
I would reverse the judgment and remand the cause for the entry of an order dismissing the action for failure to prosecute. § 45.19, Fla.Stat., F.S.A.
The majority opinion has fairly stated the factual basis that led up to the reinstatement of the action after its prior dismissal for failure to prosecute. On the question of reinstatement, the majority seemingly concluded that “good cause” was evident from the fact that appellee’s former counsel had moved away from the county and the successor counsel, a member of the Florida Legislature, was attending a session of the Legislature during the one year period covered by the statute (§ 45.19, supra). It was contended by appellee that pursuant to § 54.08, Fla.Stat., F.S.A., litigation in which the litigant was represented by a member of the Legislature during any session stood continued and for this reason the cause was rightfully reinstated.
I deem the essence of the appellee’s motion to reinstate to be entirely insufficient in fact or in law upon which the court could base an order of reinstatement, and that it was an abuse of discretion to so do.
*700 I am well aware of the views of the Supreme Court of Florida on this subject expressed in Adams Engineering Co. v. Construction Products Corp., Fla.1963, 156 So.2d 497, but I do not share the majority’s view that the holding in that case dictates the conclusion here.
The Supreme Court of Florida, in Gulf Appliance Distributors, Inc. v. Long, Fla.1951, 53 So.2d 706, reaffirmed its adherence to the proposition that reinstatement contemplated that cause such as would justify the court in refusing to dismiss upon motion in the first instance be shown in order to have the case reinstated. Further, in the same action, the court quoted with approval from the Louisiana case of Augusta Sugar Company Limited v. Haley, 163 La. 814, 112 So. 731, 732, thusly:
“ ‘We think that a step in the prosecution of a suit means something more than a mere passive effort to keep the suit on the docket of the court; it means some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment.’” [Emphasis supplied]
I am fully cognizant of the fact that a duly elected member of the Legislature is entitled, upon motion filed under the provisions of § 54.08, supra, to obtain a continuance of litigation in which he is counsel for one of the litigants, the continuance to be effective fifteen days prior to any session of the Legislature and fifteen days subsequent to the conclusion of such session. This statute, of course, requires the filing of a motion. The statute does not appear to operate automatically by the mere fact that the counsel for a litigant is a legislator and attending sessions. Likewise I do not construe good cause under § 45.19, supra, to include facts which alone would be sufficient to warrant continuance if moved for under § 54.08, supra. The two statutes operate in different spheres and perform different functions. Section 45.19, supra, was designed to expedite litigation,[1] whereas § 54.08, supra, was enacted to permit legislator-attorneys representing litigants in pending litigation to focus their full attention upon legislative problems rather than have their attention diverted between two duties.[2] I think this case is controlled by Allen v. Gaither, Fla.App.1959, 112 So.2d 855. The Allen case was distinguished from the issues raised in the case of Adams Engineering Company v. Construction Products Corporation, supra, when Mr. Justice Drew in the latter case said:
“The issue presented on this appeal below is certainly to be distinguished from one involving a lapse of more than the statutory period after request for docketing and the conceded lack of any action whatever within that time.”
The Allen case was not overruled by the Adams case but was pointed out as a case-distinguished from the facts in the Adams case.
The situation here appears analogous to* the facts in the Allen case because nothing appears to have been done “calculated to-hasten the suit to judgment” for more than-the statutory period. The fact that counsel1 for appellee was a legislator and during the statutory period of time was serving in the Legislature gave him the right to move for and obtain a continuance of the litigation-pending his service in the Legislature and fifteen days subsequent thereto, but did not, in my opinion, constitute good cause justifying reinstatement. The fact that he was a legislator then serving in a session was not an act “calculated to hasten the suit to judgment.”
As previously stated, I would reverse the judgment and remand the cause for the entry of an order dismissing the action for failure to prosecute.

. Allen v. Gaither, Fla.App.1959, 112 So.2d 855.

. See Brooks v. Pan American Loan Co., Fla.1953, 65 So.2d 481.