321 So.2d 140 (1975)
CITY OF MIAMI, a Municipal Corporation Created and Existing Pursuant to the Laws of the State of Florida, Appellant,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, et al., Appellees.
No. 74-1570.
District Court of Appeal of Florida, Third District.
October 14, 1975.
Rehearing Denied November 12, 1975.
*141 John S. Lloyd, City Atty., and Montague Rosenberg, Asst. City Atty., for appellant.
Stuart Simon, County Atty., and Robert L. Krawcheck, Asst. County Atty., for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
The City of Miami appeals and seeks reversal of an order of dismissal for failure to prosecute under Rule 1.420(e), RCP, which in part states:
"(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interest person ..."
The issue in this appeal is whether the trial court properly dismissed this cause when the cause was at issue and ready to be set for trial, and proper notice of trial was given pursuant to Rule 1.440(b), RCP, and no action was taken by any party or the court within a period of one year after notice of trial.
The record reflects that the defendant, Dade County, filed its notice for non-jury trial on September 6, 1973, and no action of record or affirmative non-record activity was taken by either of the parties or the court until September 12, 1974, at which time Dade County moved to dismiss for failure to prosecute. The court entered its order of dismissal on October 18, 1974.
The City of Miami's main contention here, and in the trial court, is that the case, having been noticed for trial pursuant to Rule 1.440, RCP,[1] the City was awaiting the setting of trial by order of the court which was good cause to prevent dismissal. Therefore, it was not required to take any affirmative action. The court, in its order of dismissal, relied on the case of Allen v. Gaither, Fla.App. 1959, 112 So.2d 855. This case held that request by counsel to place a cause on the trial docket was not sufficient action to prevent dismissal for lack of *142 prosecution. Cf. Adams Engineering Company v. Construction Products Corporation, Fla.App. 1962, 141 So.2d 300; Beck v. Humkey, Fla.App. 1962, 146 So.2d 613; Ferrara v. Coyle Beverages, Inc., Fla.App. 1963, 156 So.2d 907.
Rule 1.440, RCP,[2] as last amended, effective January 1, 1973, requires that the clerk, after notice of trial, shall submit the notice and file to the court and that the court shall enter an order fixing the date of trial. The precise question before us, then, is when the trial court fails for a period of one year to enter an order setting a cause for trial, after proper notice under the rule was given by a party that the cause is ready for trial, is it the duty of a party to take some action within the one year period from the notice of trial so as to prevent dismissal of the cause by the trial court for failure to prosecute.
The Allen, and other herein cited cases, were decided when Rule 2.2,[3] RCP, pertaining to the setting of cases for trial was in effect and, therefore, are distinguished from this case. Under former Rule 2.2, RCP, when a case was ready for trial, either plaintiff or defendant might serve on the opposing party a notice, in writing, that the case was ready for trial and would be placed on the trial calendar on the next ensuing term. It was then the duty of the clerk to enter the case upon the trial docket. The trial docket, at specified times, was then sounded by the judge or the clerk for the setting of cases for trial for the next ensuing term of court. The rule did not require that an order be entered by the court fixing the date of trial.
From the reading of Rule 1.440(c), we hold that it is the duty of, and the trial court is required, to enter an order setting the cause for trial after notice is given that the cause is ready for trial, and if, in fact, it is ready for trial. Good cause having been shown by the City of Miami, the trial court erred in entering its order of dismissal.
We agree that the primary purpose of the rule governing dismissals for failure to prosecute is to expedite the course of litigation and require litigants to keep the court dockets as nearly current as possible. We also take the view that it is incumbent on the courts to do likewise and we so interpret the language and intent of Rule 1.440(c).
Reversed and remanded with directions to reinstate the cause.
PEARSON, Judge (dissenting).
The majority has accurately stated the determinative issue involved here, i.e., "... is it the duty of a party to take some action within the one year period from the notice of trial so as to prevent dismissal of the cause by the trial court for failure to prosecute"? [Emphasis supplied] The majority holds that there is no duty on a party to attempt to progress the cause once the "ball has been passed" to the court by the filing of a notice of trial. I think this is a misreading of the rules and an unhappy precedent.
The duty to progress a cause should rest equally on the court, on the parties and on *143 their attorneys. The thought that judges and clerks of court should go looking for delinquent cases is a good one, but we should not relieve the parties and their attorneys of their duty to see that the rules of court are carried out. For, indeed, the purpose of the rule calling for dismissal for failure to prosecute "... is best served by recognizing and encouraging as sufficient `prosecution,' action on the part of either party which is more than `a mere passive effort,' when it is an affirmative act directed toward the disposition of the cause." [Emphasis supplied] Eastern Elevator, Inc. v. Page, Fla. 1972, 263 So.2d 218. Cf. Lambert v. State, Fla.App. 1958, 105 So.2d 612. The task of keeping our system of justice operating under the almost impossible burden of increased litigation requires that the duty to move litigation to a timely conclusion be placed on all those who are a part of the system of justice.
I would affirm the order on authority of Allen v. Gaither, Fla.App. 1959, 112 So.2d 855. See also Laug v. Murphy, Fla. App. 1968, 205 So.2d 695.
NOTES
[1] Rule 1.440, RCP, states, in pertinent part, as follows:

"(b) Notice for Trial. Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial... . The clerk shall then submit the notice and the case file to the court. (c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial... ." Emphasis Added.
[2] Ibid.
[3] Rule 2.2 of the 1954 Florida Rules of Civil Procedure provided in pertinent part that,

"(a) What Cases. When a cause shall be ready for trial, either plaintiff or defendant may, at least fifteen (15) days before the commencement of a term of the court, serve on the opposing party a notice in writing that the case is ready for trial and will be placed on the trial calendar at the next ensuing term. If such notice if filed fifteen days before the commencement of such term the clerk shall enter the case upon the trial docket.
(b) When Sounded. The trial docket shall be sounded for the setting of cases for trial on the Tuesday before the opening day of said term, in the courtroom of said court at 2:00 P.M. or thereafter upon one week's notice by the clerk to the parties, which sounding and setting of causes shall be by the judge, or by the clerk of said court in the judge's absence."