339 So.2d 661 (1976)
Bertha Meisler BRENNAN, Appellant,
v.
Clifton Whitney RYTER, Appellee.
No. BB-9.
District Court of Appeal of Florida, First District.
November 2, 1976.
Rehearing Denied December 17, 1976.
*662 Eric E. Wagner, Ocala, for appellant.
J. Richard Caldwell, Jr., Pitts, Eubanks, Ross & Rumberger, Orlando, for appellee.
McCORD, Judge.
This is an appeal from an order dismissing an action pursuant to Florida Rule of Civil Procedure 1.420(e) for lack of prosecution. The case was originally tried in 1972, but final judgment was reversed by this court, Ryter v. Brennan, 291 So.2d 55 (Fla. 1 DCA 1974). The Supreme Court denied certiorari on August 12, 1974, 297 So.2d 836. Over one year thereafter, on August 18, 1975, appellee Ryter (defendant in the trial court) filed a motion to dismiss for lack of prosecution. Appellant Brennan (plaintiff in the trial court) filed a response alleging that a settlement offer had been tendered to appellee on November 8, 1974; that the court file was not returned by the appellate court to the clerk of the trial court until January 20, 1975; that appellant had called the clerk to have it returned to the trial court; that appellee died on November 20, 1974, but appellant was not notified. With her response, which was filed on September 9, 1975, appellant included a suggestion of death and a motion for substitution of party defendant and a notice for trial. The court entered the order dismissing the cause for lack of prosecution from which this appeal was taken. Subsequently, appellant filed a motion for rehearing alleging that under Gregory v. Circuit Court in and for St. Johns County, 56 So.2d 529 (Fla. 1952), actions are abated upon the death of a party until appointment of an administrator of the estate. Appellant attached the affidavit of her attorney attesting that he had not been able to obtain the return of the court file to the clerk of the trial court until January 24, 1975, and that he had first learned of the defendant's death in June, 1975. Appellant also attached a letter from appellee's attorney dated November 8, 1974, offering a settlement together with a reply from appellant to her attorney dated December 18, 1974, rejecting the settlement. The record does not show that the rejection was communicated to appellee's attorney. The trial court denied the petition for rehearing. Appellant contends there was both record and non-record activity in the cause during the one year prior to its dismissal and that the death of appellee tolled the operation of the rule.
We consider first appellant's contention that her activity set forth above was both record and non-record activity which precluded the dismissal. The case was ready *663 for further proceedings in the trial court immediately upon the Supreme Court's denial of writ of certiorari on August 12, 1974. Our mandate reversing the judgment had previously gone down to the trial court and was not recalled during the Supreme Court proceedings on appellant's petition for writ of certiorari.
Appellant contends that she could rely on her notice of trial filed prior to the first trial; that after remand, it was the duty of the trial court to set the case for trial without further notice by appellant. We disagree. Without further notice from appellant, the trial court had no way of knowing after remand that appellant was ready to proceed on a second trial. Appellant's original notice resulted in the first trial and that trial extinguished that notice. Appellant was not justified in waiting for over one year after the disposition of the appeal and until appellee's motion to dismiss had been filed before she filed a notice for another trial or took other activity to move the case. The mere filing of a notice for trial or a request to docket a case for trial will not bar dismissal for want of prosecution where there has been no action taken by a plaintiff for more than a year thereafter. See Allen v. Gaither, 112 So.2d 855 (Fla. 1 DCA 1959). Even if we assume appellant's original notice for trial had been extinguished and was revived when the Supreme Court denied certiorari, it died after another year passed. Appellant's telephone call to have the file returned to the trial court and the transmittal thereof from the appellant court to the clerk of the trial court did not constitute record or non-record activity to satisfy the rule. Compare Morrison v. Chambers, 82 So.2d 594 (Fla. 1955). Also, a settlement offer from the defendant to which the plaintiff does not respond is insufficient to toll for plaintiff the running of the one year period under the rule. Compare Atlantic Coastline R.R. v. Hill, 76 So.2d 861 (Fla. 1955); Steisel v. Birnholz, 313 So.2d 125 (Fla. 3 DCA 1975); Laug v. Murphy, 205 So.2d 695 (Fla. 4 DCA 1968); and Ft. Walton Lumber and Supply Co. v. Parish, 142 So.2d 346 (Fla. 1 DCA 1962).
Appellant contends that the death of one of the defendants tolled the running of the statute under the Supreme Court's opinion in Gregory v. Circuit Court in and for St. Johns County, supra. That opinion, however, only stands for the proposition that the action abates on the death of the sole plaintiff and the one year period under the rule (at the time it was a statute) is tolled and does not begin to run again until appointment and qualification of an administratrix of the deceased plaintiff's estate. We do not consider that the rule of Gregory applies or should apply to the death of a defendant. It was the duty of appellant to expeditiously prosecute the case and move it along to trial and disposition. It, therefore, would have been her duty to suggest the death of the defendant and move to substitute party defendant had she known of the death. Not knowing of the death, why should she be excused for taking no action in the case during the one year period? This is an entirely different situation than is the case when the sole plaintiff, the party who has the obligation to move the case, dies. A dead plaintiff can no longer take action to move the case, but a live plaintiff can move it or attempt to move it after the death of the defendant by a motion for substitution of party defendant. If appellant had taken any action in this case, she undoubtedly would have discovered the defendant's death, and she could then have moved for substitution of parties. A personal representative of a dead defendant has no obligation to take action to move the case and is not likely to do so against the estate's interest during the period when the one year rule is running against the plaintiff. To rule otherwise would give the plaintiff (appellant) a completely undeserved reprieve from the consequences of her default under the rule. The defendant's death had no relation to appellant's duty to prosecute the case.
AFFIRMED.
*664 RAWLS, Acting C.J., concurs.
SMITH, J., dissents.
SMITH, Judge (dissenting):
The majority have affirmed the trial court's dismissal of Brennan's claim against Ryter for Brennan's failure to prosecute the case during the year that elapsed after we granted a new trial upon a prior appeal[1] and before August 18, 1975, when counsel for Ryter filed a motion to dismiss for lack of prosecution. Rule 1.420(e), R.C.P.
The record shows that no action was taken in the cause for one year, but it also shows that defendant Ryter, the ostensible appellee here, died within that year on November 20, 1974. No personal representative was ever appointed for the decedent, so no one with authority to represent Ryter's estate has been substituted for him in this action. This appeal is defended by counsel for a person deceased.
In Gregory v. Circuit Court in and for St. Johns County, 56 So.2d 529 (Fla. 1952), the Supreme Court placed a construction on § 45.19, F.S. 1949, which in my view governs our application of similar provisions in Rule 1.420(e), R.C.P. The Court held that the running of a one-year period of nonprosecution is tolled by the death of the plaintiff until the appointment of a personal representative for his estate. The Court stated:
"A suit cannot be prosecuted any more readily than it can be begun in the absence of a person in being who is capable of prosecuting or instituting a suit." 56 So.2d at 530.
Counsel for decedent Ryter urges that the Gregory decision tolls the running of the period when the plaintiff dies but not when the defendant dies. In my opinion, however, litigation against a person deceased is quite as impossible as litigation by him. See Worley v. Dade County Security Co., 52 Fla. 666, 42 So. 527 (1906). If litigation is continued in the name of a defendant deceased, it is effective not because the law disregards the death but because the personal representative is estopped to deny its efficacy. Davis v. Evans, 132 So.2d 476, 481 (Fla.App.1st, 1961), cert. den. 136 So.2d 348 (Fla. 1961). Rule 1.420(e) should not penalize a plaintiff for the absence of pointless activity in a case abated by his adversary's death. The purpose of the former statute and of the Rule is to relieve courts of the burden of actions which plaintiffs have permitted to become stagnant. Sudduth Realty Co. v. Wright, 55 So.2d 189 (Fla. 1951). That purpose was not served by the trial court's dismissal of Brennan's action in this case. The court was not burdened by Brennan's lawsuit following Ryter's death, because in law it had abated and required action "to breathe life into the action, to revitalize it as an efficient instrumentality of the law." Davis, supra, 132 So.2d at 481.
The majority are of the view that Brennan "undoubtedly would have discovered" Ryter's death had Brennan taken any action in the case. I view that as speculation. The majority seem not to recognize that to this day Ryter's former counsel speaks of his deceased client as though he continues to litigate. But regardless of whether the duty to discover Ryter's death and substitute his personal representative was Brennan's duty, in whole or part, I do not conceive his failure to discharge that duty, so to revive the abated litigation, is the kind of inactivity for which the penalty of final dismissal is exacted by Rule 1.420(e).
NOTES
[1] Ryter v. Brennan, 291 So.2d 55 (Fla.App. 1st, 1974), cert. den. 297 So.2d 836 (Fla. 1974).