349 So.2d 784 (1977)
PALATKA HOUSING AUTHORITY, Appellant,
v.
Queen BETTS, Individually and As the Administratrix of the Estates of Carole Ann Sutton, Deceased, Oscar T. Offord, Jr., Deceased, and Tony O. Offord, Deceased, Appellee.
No. EE-321.
District Court of Appeal of Florida, First District.
September 2, 1977.
William A. Parsons of Gosney, Cameron & Parsons, Daytona Beach, for appellant.
Joe C. Miller, II, Palatka, for appellee.
PER CURIAM.
Reversed on authority of Allen v. Gaither, 112 So.2d 855 (Fla. 1st DCA 1959). Also, see Brennan v. Ryter, 339 So.2d 661 (Fla. 1st DCA 1976). We are aware of the conflict between the Allen case and City of Miami v. Dade County, 321 So.2d 140 (Fla. 3d DCA 1975), but adhere to the Allen case. Remanded for entry of an order granting the defendant's motion to dismiss for lack of prosecution.
McCORD, C.J., and MILLS, J., concur.
BOYER, J., dissents.
*785 BOYER, Judge, dissenting.
Appellant, defendant in the trial court, seeks reversal of an order of the trial judge denying his motion to dismiss for failure to prosecute. (Fla.R.Civ.P. 1.420(e)).
A Notice of Trial was filed and served on June 11, 1975 pursuant to Fla.R.Civ.P. 1.440(b). A year elapsed, the case was not set for trial as required by Fla.R.Civ.P. 1.440(c), so there having been no other record nor non-record activity therein, defendant filed a motion to dismiss. It was from the denial of that motion that this appeal was taken.
Appellant relies upon Allen v. Gaither, 112 So.2d 855 (Fla. 1st DCA 1959). However since rendition of that decision, as pointed out by our sister court of the Third District in City of Miami v. Dade County, 321 So.2d 140 (Fla. 3d DCA 1975), the applicable rule has been substantially changed. The rule at that time did not require that an order be entered by a trial court fixing a date for trial. In its present form the rule uses the mandatory "shall". As stated by our sister court in the last-above cited opinion:
"From the reading of Rule 1.440(c), we hold that it is the duty of, and the trial court is required, to enter an order setting the cause for trial after notice is given that the cause is ready for trial, and if, in fact, it is ready for trial. * *
* * * * * *
"We agree that the primary purpose of the rule governing dismissals for failure to prosecute is to expedite the course of litigation and require litigants to keep the court dockets as nearly current as possible. We also take the view that it is incumbent on the courts to do likewise and we so interpret the language and intent of Rule 1.440(c)." (321 So.2d at page 142)
Although Fla.R.Civ.P. 1.440 refers to a "Notice for Trial" a reading of the entire rule leads to the conclusion that the notice is essentially in the nature of a motion which requires an order of the trial judge. There is no more reason to require a party at his or her peril to urge a trial judge to promptly respond to a notice for trial than to any other motion that may be pending before him. Although it is certainly desirable for a court to permit no business to languish before it for a period in excess of a year the failure to handle the business of the court with dispatch should not be visited upon a party. Certainly a trial judge should not be reversed for failing to dismiss a case for want of prosecution during the lapse of a period of time awaiting his own action.
In a recent opinion of this court, Douglas v. Eiriksson, 347 So.2d 1074 (Fla. 1st DCA 1977), we said:
"A ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion. Eli Einbinder, Inc. v. Miami Crystal Ice Company, 317 So.2d 126 (Fla. 3d DCA 1975). Just as there is a strong presumption of correctness in favor of an order of a trial court relative to a motion to set aside a default (Brown v. Vasiliades, 344 So.2d 1325 (Fla. 1st DCA 1977)) there is a similar presumption of correctness applicable to the granting or denial of a motion to dismiss for lack of prosecution."
In my view the learned trial judge properly applied the Rules of Civil Procedure in their present form and properly relied upon City of Miami v. Dade County, supra. The judge, when he denied appellant's motion for dismissal for failure to prosecute, was fully aware that there had been pending for more than a year a notice of trial, awaiting his order fixing a date for trial. He did not therefore, in my view, abuse his discretion in denying the motion to dismiss.
I would affirm.