HOBSON, Acting Chief Judge.
Appellant takes this interlocutory appeal from an order denying its motion to dismiss for failure to prosecute; Fla.R.Civ.P. 1.420(e).
The motion to dismiss was filed June 28, 1976 and alleged that the last affirmative action was on the 20th day of February, 1975, when it had served a motion to set the case for trial. The trial court assumed the motion to set the case for trial had been filed and served on that date and under the holding of City of Miami v. Dade County, 321 So.2d 140 (Fla. 3d DCA 1975), denied appellant’s motion.
Appellant takes the position that its allegation that the motion to set the case for trial had been served on February 20, 1975 was an inadvertent mistake and that in truth and fact the motion had never been filed or served. In its brief the appellant argues that the last record activity was August 30, 1974. The appellee school board asserted in its brief that the motion to set the case for trial had been served on February 20,1975 and that under the case of City of Miami, supra, it was the duty of the trial court to enter an order setting the cause for trial. In view of this dispute we temporarily relinquished jurisdiction to the trial court to determine whether or not the motion to set the case for trial had actually been filed and served. We have received the trial court’s determination which found that the motion was not filed and served but that he had relied upon the appellant’s statement in its motion to dismiss that it had been. Therefore, under City of Miami, supra, he had denied the motion to dismiss.
It is now apparent from the record before us that the last activity in this cause was on August 30, 1974 and the appellant’s motion to dismiss filed on June 28, 1976 should have been granted. Therefore, we reverse the cause and remand to the trial court for the entry of a final judgment of dismissal for failure to prosecute.
GRIMES and DANAHY, JJ., concur.