370 So.2d 1250 (1979)
John WAISWILOS, Individually, and Allstate Insurance Company, Appellants,
v.
Jean Marie FEACHER, Appellee.
No. 78-2614.
District Court of Appeal of Florida, Fourth District.
May 23, 1979.
*1251 Leighton D. Yates, Jr. of Maguire, Voorhis & Wells, Orlando, for appellants.
James T. Golden, Sanford, for appellee.
PER CURIAM.
This is an interlocutory appeal from an order dated November 7, 1978, setting aside an order of dismissal for lack of prosecution dated December 21, 1972.
Appellants moved to dismiss the cause for lack of prosecution, and an order was entered dismissing the cause pursuant to Fla. R.Civ.P. 1.420(e) then in effect. During the year preceding the motion to dismiss however, a pluries summons, without any return thereon, had been filed in the cause without explanation, since long before the filing of the summons the defendants had answered.
At the time of the dismissal no effort was made by the appellee to reinstate the cause within one month under Rule 1.420(e), nor was an appeal taken from the dismissal. Gibbs v. Trudeau, 283 So.2d 889 (Fla. 1st DCA 1973).
Over five years subsequent to the 1972 order of dismissal, appellee served its joint motion to set aside the order dismissing the cause and petition for reinstatement of the cause of action; and on November 7, 1978, the trial court granted the motion "on the grounds that said Order was void in that the evidence on the face of the record indicated some action had been taken within one year prior to filing of the motion by the Defendants," and granted the petition for reinstatement.
The first point on appeal concerns this court's jurisdiction to review the interlocutory appeal, appellant contending that relief having been granted appellee pursuant to Fla.R.Civ.P. 1.540, the appeal was proper, while appellee asserts that Rule 1.540 is not applicable because both the motion to set aside and the petition to reinstate relied on Rule 1.420(e).
The ground of appellee's motion to set aside the order dismissing the cause was that the order was void as a matter of law because of the filing of the pluries summons; the order of the court granted the motion as aforesaid on the ground that the order was void. Rule 1.540(b)(4) provides for relief where the judgment or decree is void. It therefore appears that the order grew out of Rule 1.540 and thus is subject to review under Fla.R.App.P. 9.130(a)(5).
The second point on appeal is the propriety of the order setting aside the order of dismissal. An order based on a matter within the issues raised by the pleadings is not void if the court as organized existed legally and had jurisdiction of the parties. Varnes v. Kirk, 251 So.2d 324 (Fla. 1st DCA 1971). Such was true here; the order of the court dismissing the action in 1972 was not void, but merely erroneous and relief was not available to appellee under Rule 1.540(b)(4). Gross v. Simanonok, 366 So.2d 47 (Fla. 2d DCA 1978). Even so, such rule requires that a motion for reason that the judgment or decree is void must be made within "a reasonable time." A motion filed over five years after the dismissal was not filed within such reasonable time. Trawick's Fla.Prac. and Proc., § 26-8, p. 414.
*1252 Accordingly, the order granting appellee's motion to set aside the order dismissing the cause for lack of prosecution and granting reinstatement is hereby reversed.
DOWNEY, C.J., and ANSTEAD, J., and WARREN, LAMAR, Associate Judge, concur.