DANIEL S. PEARSON, Judge.
While we agree with appellant’s assertion that a notice which it filed in 1977 that the action was at issue and ready to be set for trial should have precluded the 1979 dismissal of its complaint for failure to prosecute despite the lack of record activity during the interim years, Visuna v. Metropolitan Transit Authority, 353 So.2d 183 (Fla. 3d DCA 1977); Downer v. Mercer, 324 So.2d 116 (Fla. 3d DCA 1975); City of Miami v. Dade County, 321 So.2d 140 (Fla. 3d DCA 1975); accord, Biscayne Construction Company v. Metropolitan Dade County, 388 So.2d 329 (Fla. 3d DCA 1980); contra, Treeshore, Inc. v. Basic Asphalt and Construction Corporation, 354 So.2d 976 (Fla. 1st DCA 1978); Palatka Housing Authority v. Betts, 349 So.2d 784 (Fla. 1st DCA 1977); Allen v. Gaither, 112 So.2d 855 (Fla. 1st DCA 1959), this assertion comes much too late to be entertained by us. The trial court’s order of dismissal was entered, after reasonable notice, see Fla.R.Civ.P. 1.420(e), on February 12, 1979. R & A neither sought a timely rehearing, see Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980); see also Florida East Coast Railway Company v. Southern Sanitation Service, Inc., 370 So.2d 1200 (Fla. 4th DCA 1979), nor appealed. Instead, nearly a year and a half later, it moved to set aside the dismissal and now attempts to appeal from a denial of that motion.[1] R & A’s appeal is untimely. See Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972); Florida East Coast Railway Company v. Southern Sanitation Service, Inc., supra. Accordingly, the appeal is
Dismissed.

. R & A moved to set aside the dismissal on the same ground it asserts on this appeal. Thus, the motion suggested no ground for relief under Florida Rule of Civil Procedure 1.540 and, moreover, under any potentially applicable provisions of that rule, was untimely. Waiswilos v. Feacher, 370 So.2d 1250 (Ha. 4th DCA 1979); Brown v. Morella, 371 So.2d 571 (Fla. 4th DCA 1979) (Anstead, J., dissenting). Even under former Rule 1.420(e), inapplicable to these proceedings, which permitted a motion to reinstate, such a motion was required to be made within thirty days of dismissal. Waiswilos v. Feacher, supra.