430 So.2d 973 (1983)
YANKEE CONSTRUCTION CORPORATION, Appellant,
v.
JONES-MAHONEY CORPORATION, Tampa Port Authority and United States Fidelity and Guaranty Company, Appellees.
No. 82-1490.
District Court of Appeal of Florida, Second District.
May 6, 1983.
Joseph L. Cardozo of Jones & Cardozo, Sarasota, for appellant.
T. Paine Kelly, Jr. and D. Roger Glenn of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
SCHOONOVER, Judge.
This is an appeal from a final judgment dismissing the appellant's complaint against the appellees, Jones-Mahoney Corporation, Tampa Port Authority, and United States Fidelity and Guaranty Company for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). We reverse.
The appellant, Yankee Construction Corporation, commenced this action on December 5, 1978. After the action was at issue, on April 10, 1981, the appellant filed a notice for trial pursuant to Florida Rule of Civil Procedure 1.440(b). There was no further record activity in connection with the action, and on April 15, 1982, the appellees filed a motion to dismiss for failure to prosecute pursuant to rule 1.420(e). On June 1, 1982, the trial court entered an order dismissing the action.
The issue before us is whether the trial court properly dismissed the action after the appellant filed a proper notice of trial pursuant to rule 1.440(b) and then took no action for more than one year after filing the notice.
The appellant contends that it was not required to take any affirmative action once the notice of trial was filed. We agree. After a proper notice of trial is filed, a party has no duty to take any affirmative action to prevent dismissal of the cause by the trial court for failure to prosecute despite the lack of record activity during the ensuing year. City of Miami v. Dade County, 321 So.2d 140 (Fla. 3d DCA 1975); Visuna v. Metropolitan Transit Authority, 353 So.2d 183 (Fla. 3d DCA 1977); Fox v. Playa Del Sol Association, Inc., ___ So.2d ___, No. 81-2411 (Fla. 4th DCA Mar. 30, 1983); contra, Palatka Housing Authority v. Betts, 349 So.2d 784 (Fla. 1st DCA 1977); compare, Sainer Constructors, Inc. v. School Board of Sarasota County, 352 So.2d 947 (Fla. 2d DCA 1977).
*974 We accordingly reverse and remand for proceedings consistent herewith.
DANAHY, A.C.J., and LEHAN, J., concur.