431 So.2d 260 (1983)
SARASOTA CATTLE CO. and Charles E. Early, Appellants,
v.
John W. MIKOS, As Tax Assessor and Property Appraiser of Sarasota County, Florida, et al., Appellees.
No. 82-2334.
District Court of Appeal of Florida, Second District.
May 11, 1983.
Charles E. Early of Early & Early, Sarasota, for appellants.
John C. Dent, Jr., of Dent, Pflugner, Rosin, Haben & Hendricks, Sarasota, for appellee John W. Mikos.
*261 SCHEB, Judge.
Appellants Sarasota Cattle Company and Charles E. Early challenge the trial court's order dismissing their case for lack of prosecution.
Appellants are real property taxpayers in Sarasota County. They filed suit in 1975 against the appellee, John W. Mikos, as tax assessor, and other state and county officials contesting tax assessments on their real properties. After considerable skirmishes on the pleadings, appellee Mikos noticed the case for trial on November 16, 1979. Appellants did likewise on February 10, 1981. The court entered an order on February 18, 1981, disposing of a motion heard in June 1979. No further action was taken by either the court or counsel until August 11, 1982, when appellee Mikos moved to dismiss the case. Mikos' motion was filed pursuant to Florida Rule of Civil Procedure 1.420(e) on the ground that no record activity had occurred in the litigation for more than one year. The trial court granted appellee's motion, and this appeal ensued. We reverse.
Appellants point out that this action was at issue and that they had filed a notice of trial pursuant to Florida Rule of Civil Procedure 1.440(b). Therefore, they argue, their suit was not subject to dismissal for their not having caused further record activity after they filed their notice of trial. We agree.
In City of Miami v. Dade County, 321 So.2d 140 (Fla. 3d DCA 1975), cert. denied, 334 So.2d 604 (Fla. 1976), the defendant filed notice of nonjury trial on September 6, 1973. No further action was taken by either party or the court until September 12, 1974. At that time the defendant moved to dismiss under Rule 1.420(e) for plaintiff's failure to prosecute the case. The court granted the motion and entered its dismissal. In reversing (with Judge Pearson dissenting), the Third District recognized that the primary purpose of Rule 1.420(e) is to require litigants to keep the court dockets as nearly current as possible. But, the court observed, Rule 1.440(c) makes it incumbent on the courts to do likewise.
Rule 1.440(c) states that, "[i]f the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial." We hold that the rule requires the trial court to set a cause for trial once notice is given if, in fact, it is ready for trial. Failure of the litigants and counsel to pursue any further action should not be grounds for dismissal for lack of prosecution.[1] As Judge Letts observed in Fox v. Playa Del Sol Assoc., Inc., No. 81-2411, (Fla. 4th DCA March 30, 1983), once counsel has properly noticed the case for trial, absent any other happenings, the "ball [is] in the court's court."
Appellee cites to Allen v. Gaither, 112 So.2d 855 (Fla. 1st DCA 1959); Brennan v. Ryter, 339 So.2d 661 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 944 (Fla. 1977); and Palatka Housing Authority v. Betts, 349 So.2d 784 (Fla. 1st DCA 1977) (Boyer, J., dissenting), to sustain the trial court. Allen held that a mere request to docket a case for trial would not bar dismissal for want of prosecution where there had been no other action taken by a plaintiff for more than a year thereafter. Allen was decided prior to the adoption of Rule 1.440(c), and at that time there was no similar statute or rule requiring the court to set a cause for trial. Notwithstanding the subsequent adoption of Rule 1.440(c), the First District continued to adhere to its view in Brennan and Palatka. We disagree with that view.
Appellee also cites us to Dashew v. Marks, 352 So.2d 554 (Fla. 3d DCA 1977), in support of his argument. In that case record activity lapsed for over a year due to the trial court's delay in entering a written order on certain motions filed in the cause. The Third District held that the trial court's delay did not relieve the plaintiff's responsibility *262 to expedite the litigation pursuant to Rule 1.420(e). Although Dashew does lend some support to appellee's position, we do not necessarily agree with that view. More important, we note that subsequent to Dashew the Third District has continued to adhere to its holding in City of Miami. See Visuna v. Metropolitan Transit Authority, 353 So.2d 183 (Fla. 3d DCA 1977).
Our opinion is in accord with the opinion of another panel in this court in Yankee Construction Corp. v. Jones-Mahoney Corp., 430 So.2d 973 (Fla. 2d DCA 1983). Further, our holding is consistent with the holdings of the Third and Fourth District Courts of Appeal. We certify, however, that it is in conflict with the First District's decisions in Allen, Brennan, and Palatka.
We reverse the trial court's order dismissing appellant's action and remand with directions to reinstate the cause.
OTT, C.J., and GRIMES, J., concur.
NOTES
[1] We recognize that Rule 1.440(c) places a burden on a trial judge, who is often short of administrative assistance. Therefore, if an undue period elapses after filing a notice of trial, a tactful written reminder by counsel to the court, with a copy to opposing counsel, would seem appropriate.