SCHEB, Judge.
In this case the plaintiff filed a notice of trial in the circuit court on December 7, 1981. The case remained on the court’s waiting list with no further activity occurring until December 29, 1982, when the defendant filed a motion to dismiss for lack of prosecution. On March 10, 1983, the trial court granted the motion and dismissed the suit, noting that “the 1976 change to Rule 1.420(e) [Florida Rules of Civil Procedure] by the addition of the language ‘on the face of the record’ requires the filing of some motion, pleading, order or other paper by a party to prevent the application of the rule.” This appeal by the plaintiff ensued.
Once a proper notice of trial has been filed pursuant to Florida Rule of Civil Procedure 1.440(b), a party has no duty to take any affirmative action to prevent dismissal of a cause for failure to prosecute, despite the lack of record activity during the ensuing year. City of Miami v. Dade County, 321 So.2d 140 (Fla. 3d DCA 1975), cert. denied, 334 So.2d 604 (Fla.1976). The addition of the language “on the face of the record” in the 1976 amendment to Rule 1.420(e) does not alter the duty of the trial court to take affirmative action once a notice of trial has been properly filed pursuant to Rule 1.440(b). Sarasota Cattle Co. v. Mikos, 431 So.2d 260 (Fla. 2d DCA 1983); Yankee Construction Corp. v. Jones-Mahoney Corp., 430 So.2d 973 (Fla. 2d DCA 1983). Accord Fox v. Playa Del Sol Ass’n., 446 So.2d 126 (Fla. 4th DCA 1983). Contra Palatka Housing Authority v. Betts, 349 So.2d 784 (Fla. 1st DCA 1977) (Boyer, J., dissenting); Brennan v. Ryter, 339 So.2d 661 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 944 (Fla.1977); and Allen v. Gaither, 112 So.2d 855 (Fla. 1st DCA 1959).
In fairness to the trial judge, we note that at the time he entered the order appealed from, there was no precedent governing the issue in this district, only disparate rulings by the First and Third Districts.
We reverse the order dismissing plaintiff’s cause for lack of prosecution and remand with directions to reinstate the cause.
GRIMES, A.C.J., and LEHAN, J., concur.