PER CURIAM.
This is an appeal from a final order of dismissal for appellants’ failure to prosecute this medical malpractice action for more than one year pursuant to Florida Rule of Civil Procedure 1.420(e). We affirm.
The record before us reveals that in the year preceeding appellee’s motion to dismiss, appellants filed the following documents: (1) a notice of proposed settlement wherein appellants advised appellee that they would settle this ease for $750,000.00; (2) a motion for the court to take judicial notice of appellant, Jose Otero’s medical condition; (3) a status inquiry wherein the appellants sought the court’s assistance in determining the status of the case; and (4) a letter to the clerk of court seeking information as to the cost of copying the entire court file. Appellants argue that these documents were sufficient record activity to toll the one year time limitation in Rule 1.420(e). We disagree.
Not every document filed in a court file qualifies as record activity. See Toney v. Freeman, 600 So.2d 1099, 1100 (Fla.1992). Indeed, the supreme court has held that “[rjecord activity must be more than a mere passive effort to keep the ease on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment.” Id. (citing Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla.1972)). In this case, we conclude that none of the documents filed by appellants were calculated to hasten this case to judgment. See id.; see also Caldwell v. Mantei, 544 So.2d 252, 254 (Fla. 2d DCA 1989) (letter to court advising of case status was inadequate to stop dismissal pursuant to Rule 1.420(e)); Norflor Constr. Corp. v. City of Gainesville, 512 So.2d 266, 267 (Fla. 1st DCA 1987) (party’s response to court order advising of case status was insufficient record activity to prevent dismissal); Brennan v. Ryter, 339 So.2d 661, 663 (Fla. 1st DCA 1976) (settlement offer which was not followed up with settlement negotiations was insufficient to preclude dismissal for lack of prosecution); id. (communication with clerk was inadequate record activity to satisfy Rule 1.420(e)).
Thus, in the absence of valid record activity for the year preceeding the motion to dismissal and in the absence of any record evidence of good cause for appellants’ failure to prosecute this claim, we cannot conclude that the lower court’s dismissal of this ease was an abuse of discretion. See Metropolitan Transit Auth. v. Kaneva, 351 So.2d 748, 748 (Fla. 3d DCA 1977).
Affirmed.