# Third District Court of Appeal

## State of Florida

Opinion filed January 28, 2015
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2825
Lower Tribunal No. 10-43274
_____

**Aqua Life Corp.,**
Petitioner,

vs.

**Humberto Reyes,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Peter T. Mavrick and Victor M. Velarde (Fort Lauderdale), for petitioner.

Sina Negahbani, for respondent.

Before ROTHENBERG, EMAS and WELLS, JJ.

EMAS, J.

Petitioner, Aqua Life Corp. ("Petitioner"), petitions this court for issuance of a writ of prohibition to prohibit the trial court from continuing to exercise

jurisdiction over this matter, which was dismissed by order of the trial court rendered February 1, 2013, pursuant to a motion to dismiss for lack of prosecution. The record reflects that the February 1, 2013 order of dismissal was never appealed.[1]

More than eighteen months later, on October 10, 2014, the plaintiff below, Humberto Reyes ("Respondent") filed a motion for status conference. There appears to be some dispute over whether Petitioner was served with this motion or the notice of hearing. However, it is undisputed that Petitioner did not appear at the hearing on the motion for status conference held October 27, 2014. It is also undisputed that, following the hearing, the trial court entered orders setting the case for trial and referring the parties to mediation.

Notwithstanding Respondent's assertion that the trial court vacated the earlier dismissal order based on an *ore tenus* motion made by Respondent at the October 27th hearing (at which neither Petitioner nor its counsel was present),[2] the trial court did not enter an order vacating the dismissal or reinstating the action. Thus, because the earlier dismissal order had already become final, the trial court

---

[1] An order dismissing an action for lack of prosecution is final for purposes of appeal. Bay Park Towers Condo. Ass'n, Inc., v. Triple M. Roofing Corp., 55 So. 3d 591 (Fla. 3d DCA 2010); Hunnewell v. Palm Beach County, 925 So. 2d 468 (Fla. 4th DCA 2006); Elegele v. Halbert, 890 So. 2d 1272 (Fla. 5th DCA 2005).
[2] No transcript of the October 27, 2014 hearing has been provided.

2

was without jurisdiction to enter any further orders. <u>Herskowitz v. Herskowitz</u>, 513 So. 2d 1318 (Fla. 3d DCA 1987).[3]

Thus, we grant the petition and quash the orders setting the case for trial and referring the case to mediation, as the trial court was without jurisdiction to enter those orders, and remand for proceedings consistent herewith. Confident that the trial court will comply with this opinion, we withhold formal issuance of the writ.

---

[3] We further note that, even if the court intended to vacate the February 1, 2013 dismissal, it appears it was without jurisdiction to do so. <u>See</u> <u>R&A Trucking, Inc. v. General Host. Corp.</u>, 399 So. 2d 1058 (Fla. 3d DCA 1981). <u>See also</u> <u>Derma Lift Salon, Inc. v. Swanko</u>, 419 So. 2d 1180 (Fla. 3d DCA 1982); <u>Corvette Country, Inc. v. Leonardo</u>, 997 So. 2d 1272 (Fla. 4th DCA 2009). Given our decision, however, we find it unnecessary to reach this issue.