PER CURIAM.
Plaintiffs seek reversal of an order of dismissal for failure to prosecute pursuant to RCP 1.420(e).[1]
*117 In 1969 plaintiffs, Grace and Peter Downer, filed a suit for damages against the defendants Robert Mercer, Allstate Insurance Company and Donald Hylland as a result of personal injuries sustained in an automobile accident. After the granting of several continuances to both sides, Judge Lee entered an order on March 4, 1974 which set the cause for trial during the weeks of September 23 and 30. In May the case was reassigned to Judge Nathan who was appointed to this court shortly thereafter. The cause was removed from the trial calendar and several months later all Judge Nathan’s cases were reassigned to Judge Ferguson. In March 1975 defendants filed their motion to dismiss for lack of prosecution under RCP 1.420(e). The motion was set for hearing before Judge Ferguson on March 12. However, the cause was reassigned to Judge Lee and the motion set for hearing on March 13. Plaintiffs filed their written reply to the motion. After hearing oral argument of counsel, Judge Lee entered his order dismissing the action for lack of prosecution. This interlocutory appeal followed.
We find that the recently released case of City of Miami v. Dade County, Fla.App.1975, 321 So.2d 140 is dispositive of the cause before us. Therein we held that it is the duty of, and the trial court is required to enter an order setting the cause for trial after notice is given that the cause is ready and it is determined that, in fact, it is ready for trial.
Turning to the case at hand, we find •that after the cause was removed from the September trial calendar because of the unfilled vacancy in Judge Nathan’s division, the duty devolvéd upon the trial court to enter a new order resetting the cause for trial. Good cause having been shown by plaintiffs, we conclude the trial judge erred in entering the order of dismissal.
Reversed and remanded with directions to reinstate the cause.

. “(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion. As amended effective October 1, 1968 (211 So.2d 206).”