326 So.2d 36 (1976)
David S. KENET and Pay & Guest Co., Appellants,
v.
Charles H. STEIN, Appellee.
No. 75-489.
District Court of Appeal of Florida, Third District.
January 27, 1976.
Lapidus & Hollander, Miami, for appellants.
Tobias Simon and Elizabeth duFresne, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PEARSON, Judge.
This is an appeal from an order dismissing plaintiff-appellants' cause "... *37 for failure to prosecute pursuant to said Rule 1.420(e), and under the inherent power of court." The relevant dates appear to be as follows:

 October 1, 1973 Complaint filed
 November 16, 1973 Defendant petitions for removal to U.S. District
 Court
 November 26, 1973 Defendant's answer; third party complaint against
 Banque de Financement
 November 30, 1973 Remand to State Court
 January 11, 1974 Plaintiffs' motion to strike defendant's answer
 denied
 February 14, 1974 Banque de Financement S.A. motion to dismiss third
 party complaint
 January 31, 1975 Plaintiffs' notice of hearing on Banque's motion
 February 28, 1975 Hearing on Banque's motion
 March 3, 1975 Order dismissing third party complaint
 March 4, 1975 Defendant's motion to dismiss for plaintiff's
 failure to prosecute

The record affirmatively demonstrates that within the period of one year prior to defendant's motion to dismiss pursuant to the rule, the plaintiff took action reasonably intended to progress the cause between himself and the defendant through securing an order of court by noticing a hearing on the third party defendant's motion to dismiss the third party complaint. See City of Miami v. Railway Express Agency, Inc., Fla.App. 1962, 141 So.2d 285; and Milu, Inc. v. Duke, Fla.App. 1971, 256 So.2d 83.
Defendant's position that because the action affected only the third party complaint, it could not reasonably be interpreted as progressing the cause is not well taken. Until there was some deposition of the third party defendant's motion to dismiss the complaint against it, the cause could not be brought to issue as defined by RCP 1.440.
And finally, we do not think that the addition to the order, making reference to the court's inherent power to clear its dockets of cases that are not being progressed, takes the case from the applicable rule. This ground should be reserved for those cases in which the court finds that an offending plaintiff is purposely dragging its feet.
Reversed and remanded.