339 So.2d 284 (1976)
PHILLIPS PETROLEUM COMPANY, Appellant,
v.
Art HEIMER D/B/a Art Heimer Paint Company, and Security Insurance Company of Hartford, Appellees.
No. 76-453.
District Court of Appeal of Florida, Third District.
November 16, 1976.
Rehearing Denied December 6, 1976.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, and David C. Garrett, Coral Gables, for appellant.
Adams, George, Lee & Schulte and David L. Willing, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
Phillips Petroleum Company, defendant-third party plaintiff, takes this appeal from an order dismissing its third party complaint for failure to prosecute. The original complaint in this wrongful death action was filed in 1968. Phillips Petroleum was one of the original defendants. In 1974, Phillips filed a third party complaint for indemnity naming as third party defendants Art Heimer d/b/a Art Heimer Paint Company and his two insurers, Security Insurance Company of Hartford and Consolidated Mutual *285 Insurance Company. Heimer and Security are appellees herein; Consolidated Mutual is not a party to this appeal, but remains in the suit.
On January 20, 1975, following several months of procedural skirmishing, Heimer and Security filed an amended motion to dismiss the third party complaint. No further action was taken by Phillips or by Heimer or Security until January 22, 1976, when Heimer and Security filed a motion to dismiss for lack of prosecution, alleging that the last pleading filed in the suit was their motion of January 20, 1975. Following a hearing, the trial court entered an order dismissing the third party complaint against Heimer and Security for lack of prosecution under Rule 1.420(e), Fla.R. Civ.P.
Rule 1.420(e), supra, concerning dismissal of actions for failure to prosecute, provides that an action shall be dismissed where it affirmatively appears that no action has been taken through either the filing of pleadings, order of court or otherwise for a period of one year. The record reflects that although Phillips, Heimer and Security took no action during the one year period, activity of record was initiated during the year by or on behalf of the third party codefendant Consolidated; a request to produce was directed toward the original plaintiff, interrogatories were answered, and a motion for summary judgment was filed together with an exhibit and a notice of hearing.
The question posited for consideration in this case is whether Heimer and Security were entitled to dismissal of Phillips' third party complaint under Rule 1.420(e) where no action was taken by Phillips or third party defendants Heimer and Security for more than one year, although another third party defendant, Consolidated, had taken action within the same period of time. We believe that the dismissal was unwarranted in this instance.
It is well settled that action taken on the part of any party which is more than a mere passive effort, i.e., an affirmative act directed toward disposition of the cause, is sufficient to avoid dismissal for failure to prosecute. Compare Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla. 1972), and see Kenet v. Stein, 326 So.2d 36 (Fla.3rd DCA 1976).
The Florida Rules of Civil Procedure provide for third party practice in order to avoid multiplicity of actions and to allow the entire subject arising from one set of facts to be disposed of in one action. Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836, 840 (Fla.2d DCA 1969). There is no question that there is a proper third party complaint involved herein which should be disposed of along with the original suit. There was affirmative action taken within the required time which was directed toward disposition of the case. Given these facts, and the fact that Rule 1.420(e) is directed toward dismissal of causes of action rather than particular parties to an action, the third party complaint against Heimer and Security should not have been dismissed.
Reversed.