388 So.2d 329 (1980)
BISCAYNE CONSTRUCTION COMPANY, Appellant,
v.
METROPOLITAN DADE COUNTY, Dr. David Thornburgh, Walter G. Roggles and Roy C. Hosford, Appellees.
No. 79-2263.
District Court of Appeal of Florida, Third District.
September 23, 1980.
*330 Goethel & Garcia-Vidal and Richard Karl Goethel, Coral Gables, for appellant.
Robert A. Ginsburg, County Atty. and Thomas Goldstein, Asst. County Atty., Joseph Teichman, Hollywood, for appellees.
Before HUBBART, BASKIN, and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
We reverse the order of the trial court which dismissed for lack of prosecution Biscayne Construction Company's complaint and Dr. Thornburgh's permissive counterclaim against Biscayne upon a holding that (1) where during the year preceding the filing of the motion to dismiss, Biscayne procured the issuance of a pluries summons to a prospective third-party defendant which Biscayne, with leave of court, sought to join in defense of Thornburgh's counterclaim, and this action is reflected in the clerk's progress docket, there exists sufficient record activity under Florida Rule of Civil Procedure 1.420(e) to defeat a motion to dismiss, see Waiswilos v. Feacher, 370 So.2d 1250 (Fla. 4th DCA 1979); (2) the record action of Biscayne in procuring the issuance of this summons, albeit directed against a third-party defendant and unrelated to Biscayne's original complaint against Roggles, Hosford, Dade County and Thornburgh, was sufficient to preclude dismissal of any part of the case, including Biscayne's complaint and Thornburgh's counterclaim against Biscayne, where the several causes of action were not severed, Phillips Petroleum Company v. Heimer, 339 So.2d 284 (Fla. 3d DCA 1976); Kenet v. Stein, 326 So.2d 36 (Fla. 3d DCA 1976); and (3) in light of these holdings, it is unnecessary to reach the questions (a) whether Thornburgh's pending "motion" to set the cause for trial, filed almost two years prior to the dismissal, was the equivalent of a notice of trial under Florida Rule of Civil Procedure 1.440(c) so as to preclude dismissal, see City of Miami v. Dade County, 321 So.2d 140 (Fla. 3d DCA 1975); see also Visuana v. Metropolitan Transit Authority, 353 So.2d 183 (Fla. 3d DCA 1977); Downer v. Mercer, 324 So.2d 116 (Fla. 3d DCA 1976); and (b) whether Biscayne otherwise established good cause why its action should remain pending.
Reversed and remanded.