JOANOS, Judge.
This appeal results from the trial court’s dismissal of appellant’s complaint for failure to prosecute. Appellant argues that there was sufficient record activity during the year preceding appellee’s motion to dismiss to preclude dismissal under Fla.R.Civ.P. 1.420. We agree and reverse.
On June 7, 1977, appellant filed a complaint against appellee to recover for work performed on appellee’s trucks. Over the next two years, the complaint was amended several times, appellee filed an answer, discovery took place, and summary judgment was denied. Also during this period of time, appellee filed a third party complaint against Ford Motor Company. Between May 17, 1979 and September 10, 1980 no pleadings were filed in the case-in-chief; however, the record reflects a great deal of activity between appellee and Ford Motor over the third party complaint. Two amended third party complaints were filed, to which Ford Motor responded with a motion to strike, notices of deposition and production of documents, two notices of hearing, and an answer and affirmative defenses. The status of the third party complaint was not resolved until September 24, 1980, when Ford Motor’s motion to strike was finally granted in part, and denied in part.
On September 11, 1980 appellee filed a motion to dismiss appellant’s complaint for failure to prosecute, as provided by Fla.R. Civ.P. 1.420. Appellant responded to the motion alleging that the record activity on the third party complaint prevented dismissal under Rule 1.420 or, in the alterna *571 tive, that it had good cause for not filing any pleadings because it could not proceed with the case-in-chief until the status of the third party complaint was finalized. Initially, the court denied the motion to dismiss stating that appellant had shown good cause why dismissal should not be granted. On reconsideration, however, the court vacated its earlier order and granted appel-lee’s motion to dismiss.
Appellee’s argument in support of the dismissal is based upon a narrow conception of Rule 1.420. Under appellee’s interpretation, dismissal under Rule 1.420 could be prevented only if record activity was initiated by the plaintiff within the year prior to the motion to dismiss and that activity related to the original complaint. The courts have not given such a restricted interpretation to Rule 1.420. In Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979) this Court recognized that “activity of any party is sufficient if it is more than ‘a mere passive effort’ and is an affirmative act directed toward disposition of the case.” (emphasis supplied)
There can be no question that the record activity in this case was directed toward the disposition of the case. The original claim filed by appellant had progressed to the point that the issues had been defined by appellant and appellee in the complaint and answer. Appellee suggested in its brief that appellant could have prevented dismissal by noticing the case for trial under Fla.R.Civ.P. 1.440. “As a practical matter,” however, appellee admitted that the trial court would probably not have set the case for trial until the third party complaint was finalized. In light of Fla.R.Civ.P. 1.180(a), which permits a third party defendant to answer and assert defenses to the original complaint, the trial court should have waited until the third party complaint was resolved before setting the main case for trial not only as a practical matter, but as a legal matter. See Zuckerman-Vernon Corp. v. Zelikoff, 323 So.2d 585 (Fla. 3d DCA 1975). In Kenet v. Stein, 326 So.2d 36 (Fla. 3d DCA 1976), the only record activity that occurred during the year before the motion to dismiss for failure to prosecute was the plaintiff’s noticing a hearing on .the third party defendant’s motion to dismiss the third party complaint. Similar to this case, there was no record activity directed toward the original complaint, yet the Kenet court held that the action on the third party complaint was reasonably intended the progress the case-in-chief. The court reasoned that until the motion to dismiss the third party complaint was resolved, “the cause could not be brought to issue as defined by RCP 1.440.” Id. at 37.
As in Kenet, the advancement of the third party claim in this case served to bring the original complaint closer to being “at issue.” For purposes of Rule 1.420, therefore, the record activity during the year before the appellee’s motion to dismiss for failure to prosecute was sufficient to prevent dismissal of appellant’s complaint.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.