PER CURIAM.
This is an appeal from an order granting appellee’s motion to dismiss for lack of prosecution. We reverse.
Appellant initiated this action in 1978 against North Broward Hospital District and three physicians, of whom appellee Dickens was one, alleging that the negligence of all four named defendants directly caused the death of Helen C. Smith. No process was issued as to Dickens. In April, 1979, the trial court granted the hospital district’s motion to dismiss on the ground that appellant’s claim had to be submitted first to medical mediation. On appeal we affirmed.
On November 30, 1979, appellant served upon the hospital district a motion for leave to file an amended complaint. The proposed amended complaint contained the allegation that the claim had been submitted to medical mediation and realleged the negligence of all four named defendants. On the same date appellant served on the district a notice of hearing upon his motion. The hearing was subsequently re-noticed; and on March 11, 1980, the trial court granted appellant’s motion for leave to amend.
On April 8,1980, counsel for Dickens filed a motion to dismiss for failure to prosecute. The motion alleged that Dickens had never been served with process in this action and that there had been no record activity for one year as to him.
On April 11, 1980, the trial court dismissed the amended complaint against the hospital district with prejudice on the ground that the claim was barred by the statute of limitations. In another appeal we affirmed.
On May 16, 1980, the trial court granted Dickens’ motion to dismiss for failure to prosecute. Appellant seeks review of that order.
Florida Rule of Civil Procedure 1.420(e) mandates dismissal for failure to *582 prosecute if the face of the record reflects no activity by the filing of pleadings, order of court or otherwise for one year. This court has further recognized the requirement that the record activity must be of a type that is directed toward disposing of the case. Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980). We said in Bair that an order vacating a dismissal, if not a stipulation to permit filing of an amended complaint, was sufficient record activity. See also Florida East Coast Railway Co. v. Southern Sanitation Service, 392 So.2d 355 (Fla. 4th DCA 1981). Here we have an order granting appellant leave to file an amended complaint entered prior to the filing of Dickens’ motion to dismiss; and such order is sufficient record activity.
It makes no difference that the subject order granting leave to appellant to file an amended complaint was not the result of a motion served on appellee, the motion having been served only on the district. The record activity need not be directed to or instituted by the party who seeks dismissal. Biscayne Construction Co. v. Metropolitan Dade County, 388 So.2d 329 (Fla.3d DCA 1980); Phillips Petroleum Co. v. Heimer, 339 So.2d 284 (Fla.3d DCA 1976), cert. denied 348 So.2d 948 (Fla.1977).
Based on the foregoing we are compelled to reverse. In so doing, however, we take note that this court affirmed the trial court’s order of dismissal with prejudice as to the hospital district because of the statute of limitations.
REVERSED AND REMANDED.
DOWNEY, BERANEK and GLICK-STEIN, JJ., concur.