413 So.2d 90 (1982)
William BOWMAN, Jr., Appellant,
v.
C. Allen PEELE, Appellee.
No. 81-1408.
District Court of Appeal of Florida, Second District.
April 2, 1982.
Rehearing Denied April 28, 1982.
J. Patrick McElroy of Greene, Mann, Rowe, Stanton, Mastry & Burton, Clearwater, for appellant.
Wm. Newt Hudson of Louis E. Stolba, P.A., St. Petersburg, for appellee.
SCHOONOVER, Judge.
This is an appeal from a final judgment dismissing the appellant's complaint against the appellee, C. Allen Peele, for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). We reverse.
In 1976, the appellant filed a complaint against the appellee, John M. Dickey, and the St. Petersburg Beach Motor Inn, Inc. Bankruptcy proceedings were subsequently filed by John M. Dickey and the St. Petersburg Beach Motor Inn, Inc. The proceeding was accordingly stayed as to those two *91 defendants, but not as to the appellee. After the appellant conducted no record activity for more than one year, the appellee filed a motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). The lower court granted the motion and dismissed the appellant's complaint.
The appellant contends that the rule applies to actions, and not to parties, and therefore the trial court erred in dismissing the appellee. The Third District Court of Appeal in the case of Phillips Petroleum Co. v. Heimer, 339 So.2d 284 (Fla. 3d DCA 1976), held that the rule is directed towards dismissal of causes of action rather than particular parties to an action, and based upon that decision, we agree with the appellant's contention.
The appellee's reliance on the supreme court's holding in the case of Koppers Co., Inc. v. Victoire Development Corp., 284 So.2d 193 (Fla. 1973), is misplaced. A review of that case indicates the court had not acquired jurisdiction over the party who filed the motion to dismiss for failure to prosecute. In the case sub judice, jurisdiction had been obtained over all of the parties.
Where the court has acquired jurisdiction over all of the parties, a motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e) will not lie as to an individual party. Accordingly, if an action is stayed as to one or more of the parties either by court order or by an automatic stay invoked because of the federal bankruptcy act, it will not be dismissed for failure to prosecute. To hold otherwise would frustrate the purpose of the rule which is to expedite and simplify litigation, not to cause additional litigation through no fault of the one moved against. It is true that the appellant could have proceeded against the appellee individually, but to do so, without severing the cause of action, would not have expedited the litigation. Action against the appellee would not have affected the other defendants and accordingly would not have advanced the entire case toward its ultimate disposition.
We accordingly reverse and remand for proceedings consistent herewith.
GRIMES, A.C.J., and OTT, J., concur.