451 So.2d 867 (1983)
Richard MAGERS and Dorothy Magers, Appellants,
v.
WALKER'S CAY AIR TERMINAL, INC., F/K/a Hansa Jet Corp., James Hill and South Florida Aircraft Sales and Leasing, Inc., Appellees.
James HILL and South Florida Aircraft Sales and Leasing, Inc., Cross-Appellants,
v.
Richard MAGERS and Dorothy Magers, and Walker's Cay Air Terminal, Inc., f/k/a Hansa Jet Corp., Cross-Appellees.
No. 82-2579.
District Court of Appeal of Florida, Fourth District.
November 2, 1983.
Rehearing Denied June 8, 1984.
*868 William R. Boeringer and William Milliken of Hayden & Milliken, P.A., Miami, for appellants/cross-appellees-Richard Magers and Dorothy Magers.
Gilbert E. Theissen of Walsh, Theissen & Boyd, P.A., Fort Lauderdale, for appellees/cross-appellants-Hill and South Fla. Aircraft Sales and Leasing, Inc.
Jane Kreusler-Walsh and Larry Klein, West Palm Beach, and Pyszka & Kessler, Fort Lauderdale, for appellee-Walker's Cay Air Terminal, Inc.
WALDEN, Judge.
Appellants sued Walker's Cay Air Terminal, Inc., James Hill, and South Florida Aircraft Sales and Leasing, Inc., for damages. The trial court subsequently granted a motion to dismiss for lack of prosecution filed by Walker's Cay. This ruling was appealed. Upon review we are of the opinion that the trial court ruled correctly and that appellants failed to demonstrate any abuse of discretion by the court. Thus, we affirm on this issue.
Appellees Hill and South Florida Aircraft Sales and Leasing, Inc., have filed a cross appeal, charging that it was error for the trial court to dismiss the action as to the moving party, Walker's Cay, but not as to them. Their contention is that Florida Rule of Civil Procedure 1.420(e), under which the motion was brought, provides for the dismissal of an entire "action," as opposed to only the moving party, where a failure to prosecute has been demonstrated. We agree. Therefore, we hold that it was error not to dismiss the Magers' action against James Hill and South Florida Aircraft Sales and Leasing, Inc., for lack of prosecution. Phillips Petroleum Co. v. Heimer, 339 So.2d 284 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 948 (Fla. 1977); Bowman v. Peele, 413 So.2d 90 (Fla. 2d DCA 1982); Smith v. St. George Island Gulf Beaches, Inc., 343 So.2d 847 (Fla. 1st DCA 1976).
We affirm the dismissal of the instant action as to Walker's Cay Air Terminal, Inc. We reverse the trial court's denial of dismissal as to James Hill and South Florida Aircraft Sales and Leasing, Inc., and remand with instructions that those two parties be dismissed.
GLICKSTEIN and HURLEY, JJ., concur.