GLICKSTEIN, Judge.
This is an appeal from two orders, dismissing plaintiff’s action against two of several defendants for lack of prosecution. We affirm as to Shelby Mutual Insurance Company and reverse as to Florida East Coast Properties, Inc. (FEC).
The action was originally filed in 1976 against FEC, which filed an answer. Appellant immediately filed a notice of trial. Two months prior to trial,. FEC obtained leave to file a third party complaint against other parties, which was done in February, 1977. Later that year, appellant filed an amended complaint, joining as additional defendants those parties impleaded by FEC. After the defendants answered, appellant, in late 1977, noticed the action for trial. In 1978, FEC filed an offer of judgment for $25,001. Later that year, one of the new defendants sought leave to im-plead yet another party, Able Services, Inc., (Able) and appellant filed a second amended complaint adding that party and others. One of the other parties added by appellant was Shelby Mutual Insurance Company (Shelby), which filed a motion to abate in early 1980 because service had not been obtained against its insured, Able. In January, 1981, appellant filed its third notice of trial, which Shelby sought to strike on the ground of prematurity. Shelby also moved to dismiss the complaint against it and to strike Able as a party because no service had been effected upon Able. The trial court granted all of Shelby’s motions and stayed the action against Shelby and Able until service was obtained upon Able. In June, 1981, two of the defendants, P & D Security, Inc., (P & D) and Parliament Insurance Company (Parliament) made an unrecorded offer of judgment for $15,000. Nothing took place thereafter until March, 1982, when Shelby moved to dismiss for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e).[1] Twelve days later, appellant’s counsel filed a sworn notice of good cause why the action should remain pending, attesting to a number of personal and professional causes for non-activity. More significantly, it filed a no *580 tice to produce directed to FEC. Subsequently, FEC then filed motions to dismiss for lack of prosecution. However, FEC also filed thereafter a response to appellant’s notice to produce which had been filed simultaneously with its sworn notice. P & D and Parliament filed a response, pointing out their offer of judgment. The trial court granted the Shelby and FEC motions. Appellant then filed an unsuccessful, unsworn motion for rehearing, alleging the court file was missing when the motions were heard.
The above scenario hardly reflects an appellant who has made no attempt to prosecute her case. Effort after effort to notice the cause for trial has been frustrated — in large measure by defendants bringing new players into the drama for cover or companionship. Even the most vigorous plaintiff can be worn out.
We affirm the dismissal as to Shelby Mutual Insurance Company because no record action had been taken against it for one year prior to the motion to dismiss. Nor was good cause shown for the lack of further effort to obtain jurisdiction over its insured, Able, or to otherwise pursue the claim against that defendant. We reverse the dismissal against FEC in light of all of the above recited factual circumstances, particularly the notice to produce, which speak for themselves and need not be repeated. FEC’s successful ability to insulate itself from trial in this case, given the recited chronology, did not justify application of the one-year rule. We are aware of the line of cases, among them this court’s recent decision in Magers v. Walker’s Cay Air Terminal, Inc., 451 So.2d 867 (Fla. 4th DCA 1983), holding that dismissal for lack of prosecution inures to actions, not individual parties. These decisions are distinguishable from the instant case, however, because jurisdiction was not obtained over all of the parties. See Crouse-Hinds Company v. Capellia, 302 So.2d 800 (Fla. 4th DCA 1974). It is therefore appropriate that the action proceed against FEC — the sole original defendant who successfully started the snowball of additional parties.
HURLEY, J., and SMITH, CHARLES E., Associate Judge, concur.

. Rule 1.420(e) provides:
(e) FAILURE TO PROSECUTE. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.