WEBSTER, PETER D., Associate Judge.
Appellants, plaintiffs in the trial court, appeal final orders dismissing two of the three defendants pursuant to Rule 1.420(e), Florida Rules of Civil Procedure, for failure to prosecute. It is undisputed that, in the year preceding filing of the motions to dismiss, there was no record activity directed toward either of the defendants which was dismissed. It is likewise undisputed that during that year there was some record activity involving plaintiffs and the third defendant. Both orders recite that the dismissal is “pursuant to Sandini v. Florida East Coast Properties, Inc. and Shelby Mutual Insurance Company, 454 So.2d 578 (1984) [sic].”
The record activity between plaintiffs and the third defendant was minimal. However, it was not a mere passive effort but, rather, was directed toward disposition of the case. See Philips v. Marshall Berwick Chevrolet, Inc., 467 So.2d 1068 (Fla. 4th DCA 1985). Thus, the question squarely presented for our resolution is whether Rule 1.420(e) speaks to actions or to parties; or, stated differently, whether Rule 1.420(e) permits dismissal of some, but not all, of the defendants when there is no record activity involving those defendants, but there is record activity between plaintiff and other defendants.
Rule 1.420(e) is written in clear and unambiguous language:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed.... (Emphasis added.)
Numerous courts have held that “Rule 1.420(e) speaks of the dismissal of actions, not parties, for nonprosecution.... [P]laintiff’s obligation is only to show progress in the case, not progress between himself and each defendant.” Smith v. St. George Island Gulf Beaches, Inc., 343 So.2d 847, 849 (Fla. 1st DCA 1976). See also Magers v. Walker’s Cay Air Terminal, Inc., 451 So.2d 867 (Fla. 4th DCA 1983); Bowman v. Peele, 413 So.2d 90 (Fla. 2d DCA 1982).
Sandini v. Florida East Coast Properties, Inc., 454 So.2d 578 (Fla. 4th DCA 1984), relied upon by the trial court and by appellees, involved a recognized exception to the general principal that Rule 1.420(e) authorizes dismissal only of actions; and only when there has been no record activity at all directed toward disposition of the case. In Sandini, this Court upheld dismissal of a party pursuant to Rule 1.420(e) “because jurisdiction was not obtained over all of the parties,” distinguishing the line of cases cited above, including Magers v. Walker’s Cay Air Terminal, Inc., 451 So.2d 867 (Fla. 4th DCA 1983), for that reason (454 So.2d at 580). Both Smith v. St. George Island Gulf Beaches, Inc., 343 So.2d 847 (Fla. 1st DCA 1976), and Bowman v. Peele, 413 So.2d 90 (Fla. 2d DCA 1982), acknowledge an exception when jurisdiction has never been obtained over the party moving to dismiss.
In this case, it is unnecessary to address whether Sandini was correctly decided or whether the exception to the general principal that Rule 1.420(e) applies to actions, *443 rather than to parties, is consistent with the plain language of the Rule. Here, it is conceded that the court had jurisdiction over all defendants, including the two which were dismissed. Therefore, the general principal, rather than the exception, clearly applies.
Because there was some record activity between plaintiffs and one defendant directed toward disposition of the case during the year preceding filing of the motions to dismiss, it was error to dismiss appel-lees, pursuant to Rule 1.420(e), for failure to prosecute. Accordingly, we must reverse and remand with directions that the trial court vacate its orders dismissing ap-pellees.
REVERSED and REMANDED, with directions.
HERSEY, C.J., and WALDEN, J., concur.