PER CURIAM.
This Court’s opinion In re Amendments to Rules of Civil Procedure, 536 So.2d 974 (Fla.1988), which amended the Florida Rules of Civil Procedure, is clarified to change all references to subdivision (b)(3) contained in rule 1.280 to (b)(4). Rule *867 1.280, as appended to this opinion, reflects these changes which are contained in subdivisions (b)(2) (renumbered (b)(3)), (b)(3)(A) and (C) (renumbered (b)(4)(A) and (C)), and (d).
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
RULE 1.280. General Provisions Governing Discovery.
(a) (NO CHANGE)
(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
(1) (NO CHANGE)
(2) Indemnity Agreements. A party may obtain discovery of the existence and contents of an agreement under which any person may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or to reimburse a party for payments made to satisfy the judgment. Information concerning the agreement is not admissible in evidence at trial by reason of disclosure.
(2)(3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(3)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party’s representative, including his attorney, consultant, surety, in-demnitor, insurer or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation. Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party. Upon request without the required showing a person not a party may obtain a copy of a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for an order to obtain a copy. The provisions of Rule 1.380(a)(4) apply to the award of expenses incurred as a result of making the motion. For purposes of this paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.
(3)(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial may be deposed in accordance with Rule 1.390 without motion or order of court. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such other provisions pursuant to subdivision (b)(3)(4)(C) of this rule concerning fees and expenses as the court may deem appropriate.
(B) (NO CHANGE)
(C) Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to *868 discovery under subdivisions (b)(3)(4](A) and (b)(3)(4)(B) of this rule: and concerning discovery from an expert obtained under subdivision (b)(3)(4)(A) of this rule the court may require, and concerning discovery obtained under subdivision (b)(3)(4)(B) of this rule shall require, the party seeking discovery to pay the other party a fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.
(D) As used in these rules an expert shall be an expert witness as defined in Rule 1.390(a).
(c) (NO CHANGE)
(d) Sequence and Timing of Discovery. Except as provided in subdivision (b)(3)(4) or unless the court upon motion for the convenience of parties and witnesses and in the interest of justice orders otherwise, methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not delay any other party's discovery.
(e)(NO CHANGE)
Committee Note: Subdivision (b)(2) has been added to enable discovery of the existence and contents of indemnity agreements and is the result of the enactment of Sections 627.7262 and 627.7264, Florida Statutes, proscribing the joinder of insurers but providing for disclosure. This rule is derived from FR 26(b)(2). Subdivisions (2) and (3) have been redesignated as (3) and (4) respectively.
The purpose of the amendment to subdivision (b)(3)(A) (renumbered (b)(4)(A)) is to allow, without leave of court, the depositions of experts who have been disclosed as expected to be used at trial. The purpose of subdivision (b)(4)(D) is to define the term “expert” as used in these rules.