548 So.2d 834 (1989)
Bernard M. UTSET, Jorge E. Utset, Camilo F. Utset, Manuel A. Utset, Maria Mercedes Utset De Escobar and Lillian Arca De Quintana, Appellants,
v.
Manuel Arca CAMPOS, Jr., et al., Appellees.
No. 87-3067.
District Court of Appeal of Florida, Third District.
September 12, 1989.
*835 Bailey, Dawes & Hunt and William A. Fragetta, Miami, for appellants.
Mershon, Sawyer, Johnston, Dunwody & Cole and Stephen M. Corse, Miami, and Jack Shaw, Jacksonville, for appellees.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
HUBBART, Judge.
This is an appeal by the plaintiffs Bernard M. Utset and others from a final order which dismissed their action below as to seventeen of eighteen defendants on the basis of failure to prosecute under Fla.R. Civ.P. 1.420(e). The central question presented for review is where, as here, there has been record activity as to one defendant within one year prior to the filing of a motion to dismiss under Fla.R. Civ.P. 1.420(e), are the remaining unserved defendants in the action entitled to a dismissal under the above rule upon a showing that there has been no such record activity as to them. We hold that such unserved defendants are not entitled to such a dismissal based on these circumstances and, accordingly, reverse.

I
On July 14, 1986, the plaintiffs, Bernard M. Utset and others,[1] brought an action below against eighteen defendants for breach of trust and other related causes.[2] On July 17, 1987, the plaintiffs served their complaint upon one of the eighteen defendants, Manuel P. Arca; on the same day, the plaintiffs also filed and served a notice of taking Arca's deposition which was set for the following month. On July 30, 1987, the remaining seventeen defendants,[3] who had not been served with process in the cause, filed a motion to dismiss the action as to them under Fla.R.Civ.P. 1.420(e), correctly contending that there had been no record activity with reference to them for over one year prior to the filing of the motion to dismiss. The trial court granted this motion and dismissed the action below as to the seventeen unserved defendants; the action remained pending, however, as to the one served defendant.[4]

*836 II
Fla.R.Civ.P. 1.420(e) provides:
"All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute."
(emphasis added).
Under the above rule, it is settled that where: (a) there has been no record activity in the action by any party for more than one year prior to the filing of a motion to dismiss, and (b) no good cause is shown why the action should remain pending or no court order or court-approved stipulation staying the action has been filed, the trial court is required to dismiss the action for failure to prosecute. See, e.g., Industrial Trucks of Fla., Inc. v. Gonzalez, 351 So.2d 744, 746 (Fla. 3d DCA 1977). Where, however, there has been record activity directed toward disposition of the cause as to one of multiple defendants in the cause within the requisite one year period, as here, Florida courts have consistently held that the remaining defendants are not entitled to be dismissed from the cause for failure to prosecute the action against them individually; this is so because Fla.R.Civ.P. 1.420(e) only authorizes the dismissal of "actions," not individual parties.[5] Moreover, it is settled that the filing within the requisite one-year period of a notice of taking deposition or the issuance of a summons on a complaint, as here, constitutes sufficient record activity to preclude the dismissal of an action for failure to prosecute under Fla.R.Civ.P. 1.420(e). See, e.g., Hale v. Hart Properties, Inc., 436 So.2d 1093, 1094 (Fla. 3d DCA 1983); Harris v. Winn-Dixie Stores, 378 So.2d 90, 94 (Fla. 1st DCA 1979).
It is urged, however, that the Florida Supreme Court in Koppers Co. v. Victoire Dev. Corp., 284 So.2d 193 (Fla. 1973), carved out an "exception" to the general rule that record activity within the requisite one-year period as to one defendant is sufficient to preclude a dismissal as to a codefendant under Fla.R.Civ.P. 1.420(e). This "exception," it is said, obtains and a dismissal for failure to prosecute lies as to the codefendant where it is shown, as here, that the codefendant has not been served with process and there has been no record activity as to him for the requisite one-year period. It was this "exception" which the trial court relied on in dismissing the seventeen defendants herein from the action below. We disagree that any such "exception" was established in Koppers.
In Koppers, the plaintiff sued four defendants, including the defendant Koppers who was never served with process. No record activity took place in the main action for over one year as to Koppers nor, apparently, as to any other defendant; accordingly, Koppers moved to dismiss the main action for failure to prosecute under Fla.R. Civ.P. 1.420(e). The trial court conditionally granted the motion provided Koppers was not served with process within the next twenty days. The Fourth District affirmed, and the Florida Supreme Court reversed on the basis that the motion to dismiss should have been granted unconditionally, rather than conditionally.
There is nothing in the Koppers opinion, however, which remotely announces or even discusses the aforementioned "exception." *837 This is not surprising because the issue was never involved in the case; the sole issue before the Court was whether the dismissal should have been conditional or unconditional. It is true, of course, that there was record activity in Koppers in a cross claim filed in the cause; a codefendant had filed a cross claim against Koppers, and Koppers had answered the cross claim. The plaintiff, however, made no contention that this record activity in the cross claim had advanced the cause on the main claim, and, accordingly, the issue was never before the Court. It is therefore inaccurate, we think, to cite Koppers for the sub silentio proposition that an unserved defendant is entitled to be dismissed from an action under Fla.R.Civ.P. 1.420(e) where there has been no record activity as to him for over a year, even though there has been record activity as to other defendants in the cause. No such point of law was at issue, discussed, or decided in Koppers.
We recognize that the Fourth District Court in Crouse-Hinds Co. v. Capellia, 302 So.2d 800 (Fla. 4th DCA 1974), has, in effect, interpreted Koppers to adopt such an "exception," and that Sandini v. Florida East Coast Properties, Inc., 454 So.2d 578 (Fla. 4th DCA 1984), follows Crouse-Hinds;[6] we do not, however, agree with these decisions. Indeed, the Fourth District itself did not follow such an "exception" in Mueller v. North Broward Hospital District, 403 So.2d 581 (Fla. 4th DCA 1981), and has questioned the validity of the Crouse-Hinds and Sandini decisions in Belli v. Porsche-Audi of Broward, Inc., 503 So.2d 441, 442 (Fla. 4th DCA 1987). We agree entirely with Mueller and certify our conflict with Crouse-Hinds and Sandini.
Beyond this, we think there is no legal basis in any event for interpreting Fla.R. Civ.P. 1.420(e) as authorizing the dismissal of an unserved defendant, notwithstanding record activity as to other parties in the action within the requisite one-year period. Fla.R.Civ.P. 1.420(e) specifically provides that "all actions" shall be dismissed where "it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year," subject to certain exceptions not relevant here. There is no provision in the rule authorizing the dismissal of an individual defendant, whether served or unserved, notwithstanding the presence of record activity in the case. Indeed, the rule only authorizes the dismissal of "actions," not individual parties; it contains no provision for the dismissal of some defendants from an action, to the exclusion of other defendants. Moreover, the sole basis for dismissal under the rule is the lack of proper record activity in the entire action; where such activity has taken place, however, the rule does not provide for a dismissal as to any defendant under any circumstances.

III
Turning to the instant case, under the above-stated law it is clear that the trial court erred in dismissing the seventeen unserved defendants from the action below under Fla.R.Civ.P. 1.420(e). There was admittedly record activity directed toward disposition of the case which took place within one year prior to the filing of the motion to dismiss, to wit: the subject complaint was served on the defendant Manuel P. Arca and a notice of taking Arca's deposition was filed. This record activity precludes any defendant in the cause from obtaining a dismissal for failure to prosecute under Fla.R.Civ.P. 1.420(e), including the seventeen unserved defendants.[7] The *838 final order of dismissal under review is therefore reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] The other plaintiffs were Jorge E. Utset, Camilo F. Utset, Manuel A. Utset, Maria Mercedes Utset de Escobar, and Lillian Arca de Quintana.
[2] The other causes of action pled were for breach of a fiduciary duty, fraud, conversion, conspiracy, civil theft, and civil RICO. The complaint sought an accounting, imposition of a constructive trust, compensatory damages, and punitive damages.
[3] These defendants were: Manuel Arca Campos, Jr., Evora Arca Sardina, Mercedes Arca Scopetta, John Scopetta, Adelaida Arca Campos, Camilo B. Aguirre, Richard M. White, Lake Haven Estates, Inc., Industrial Consultants International, Inc., Industrial Consultants and Managements Corp., Power Engineering Co., Scopar International, Inc., Ebasint International, Inc., Empresa Electrica del Ecuodar, Inc., PEC Engineering Construction Corp., Puma Engineering Co., and United Packing and Crating Corp.
[4] The served defendant, Manuel P. Arca, filed a separate unrelated motion to dismiss which was granted without prejudice to file an amended complaint.
[5] See, e.g., Belli v. Prosche-Audi of Broward, Inc., 503 So.2d 441 (Fla. 4th DCA 1987); Mueller v. North Broward Hosp. Dist., 403 So.2d 581 (Fla. 4th DCA 1981) (dismissed defendant had not been served with the complaint; dismissal reversed); Shaw & Keeter Motor Co. v. Maris Distrib. Co., 403 So.2d 570 (Fla. 1st DCA 1981); Biscayne Constr. Co. v. Metropolitan Dade County, 388 So.2d 329 (Fla. 3d DCA 1980); Phillips Petroleum Co. v. Heimer, 339 So.2d 284 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 948 (Fla. 1977); Devaney v. Rumsch, 247 So.2d 69 (Fla. 1st DCA 1971).
[6] This "exception" has also been referred to in dicta in Smith v. St. George Island Gulf Beaches, Inc., 343 So.2d 847, 849 (Fla. 1st DCA 1976), and Bowman v. Peele, 413 So.2d 90, 91 (Fla. 2d DCA), dismissed, 419 So.2d 1199 (Fla. 1982), but was not applied to the facts of the case. We therefore do not interpret these decisions as having adopted such an "exception."
[7] Although not relevant to our decision, it should be noted that Fla.R.Civ.P. 1.070, dealing with service of process, has subsequently been amended to provide for dismissal without prejudice of a defendant who has not been served with process within 120 days after the filing of the initial pleading, absent a showing of good cause. Fla.R.Civ.P. 1.070(j); see In re Amendments to Rules of Civil Procedure, 536 So.2d 974, 975 (Fla. 1988), clarified, 545 So.2d 866 (Fla. 1989).