PER CURIAM.
Biscayne Awning & Shade Company appeals an order dismissing its amended complaint for failure to prosecute. We reverse.
Biscayne brought suit against several defendants. A summary judgment was entered in favor of defendant Robert M. Reilly. Thereafter, Reilly moved for attorney’s fees and costs pursuant to section 57.105, Florida Statutes (1987). On January 26, 1989 the trial court rendered its order denying the motion.
On December 8, 1989 appellees Miami Beach Awning Company, Inc. and Robert Van Dyk, codefendants below, moved to dismiss for failure to prosecute. On January 5, 1990 the court entered its order granting the motion and dismissing the amended complaint.
*741 We conclude that reversal is required by Utset v. Campos, 548 So.2d 834 (Fla. 3d DCA 1989):
Where, however, there has been record activity directed toward disposition of the cause as to one of multiple defendants in the cause within the requisite one year period, as here, Florida courts have consistently held that the remaining defendants are not entitled to be dismissed from the cause for failure to prosecute the action against them individually; this is so because Fla.R.Civ.P. 1.420(e) only authorizes the dismissal of ‘actions,’ not individual parties.
Id. at 836 (footnote omitted).
Appellees contend that Utset is not applicable here because subsequent to the entry of summary judgment in his favor, Reilly was no longer a party to the action. While the summary judgment had resolved the issue of Reilly’s liability, the ancillary claim for attorney’s fees was a matter remaining in controversy between Biscayne and Reilly until disposed of by the order of January 26, 1989. As that order constituted “record activity directed toward disposition of the cause as to one of multiple defendants,” id., the motion under Rule 1.420(e) should have been denied. We therefore reverse and remand the cause for further proceedings consistent herewith.