PETERSON, Judge.
James Pringle appeals a final order dismissing his action against four guarantors of a note. The ground for the dismissal was his lack of prosecution pursuant to rule 1.420(e), Florida Rules of Civil Procedure. We reverse.
After Pringle filed his complaint and obtained service against the four defendants, two of them filed suggestions of bankruptcy. Pleadings continued to be filed after the suggestions of bankruptcy were filed, but, finally, no further activity took place after August 8, 1988, except for the filing of a notice of appearance of additional counsel for Pringle. On November 8,1989, one of the defendants who had not filed a suggestion of bankruptcy moved for dismissal under rule 1.420(e). On March 8, 1990, Pringle replied to the affirmative defenses filed by a defendant on August 8, 1988, and moved to sever so that the case could proceed against the two defendants who had not invoked the jurisdiction of the bankruptcy court. The trial court granted the motion to dismiss and declared moot the motion to sever.
The Second District has considered previously the issue whether an action may be dismissed under rule 1.420(e) for failure to prosecute when an automatic stay is invoked because one of the multiple parties in the state court action petitions the bankruptcy court for relief. Bowman v. Peele, 413 So.2d 90 (Fla. 2d DCA 1982), dismissed, 419 So.2d 1199 (Fla.1982). In Bowman, the court held that, where jurisdiction has been obtained “over all of the parties, a motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e) will not lie as to an individual party.” 413 So.2d at 91. We adopt the reasoning of our sister court in Bowman and find that the facts of that case largely are indistinguishable from the instant case.
The appellees urge that, when Pringle moved forward with the litigation after the suggestions of bankruptcy were filed, he impliedly waived the bankruptcy stay as a defense to a motion to dismiss for lack of prosecution by a party who had not obtained the stay. We disagree and do not interpret as a waiver a litigant’s post-stay actions that move the case along as far as possible without violating the stay orders. Eventually, the stay orders will be vacated, and those post-stay actions likely will eliminate further delay following the lifting of the stay orders.
The dismissal is vacated and the case remanded for further proceedings.
VACATED; REMANDED.
COBB and HARRIS, JJ., concur.