PER CURIAM.
The appellants, William E. Simmons and B.J. Simmons, challenge the trial court’s final judgment dismissing their action against the appellee, Dooley & Mack Constructors, Inc. (Dooley & Mack), for failure to prosecute. We reverse.
On October 22, 1990, the appellants filed a complaint for breach of contract, among other things, against Dakal Development Corporation, Cecil Kayln, Avignon Villas Condominium Association, and Dooley & Mack Constructors, Inc. Dooley & Mack filed a response to a request for production on October 16, 1991. That date was the last alleged *718 record activity on the part of Dooley & Mack. On December 17, 1991, one of Dooley & Mack’s codefendants, Avignon Villas Condominium Association (the condominium association), moved to dismiss the complaint. On July 27, 1992, the condominium association noticed a hearing on its motion to dismiss. The trial court’s order granting the condominium association’s motion to dismiss was filed on September 8, 1992, and the appellants’ notice of voluntary dismissal of the condominium association was filed on September 23, 1992. On October 28, 1992, Dooley & Mack filed a motion to dismiss for failure to prosecute. Dooley & Mack’s motion was granted, and the appellants filed a timely notice of appeal from the order dismissing their action against Dooley & Mack for failure to prosecute.
The appellants contend that the tidal court erred in dismissing their case against Dooley & Mack for failure to prosecute because the motions, notices of hearings, orders, and notices of dropping parties, between October of 1991 and October of 1992, concerning other parties to the action such as the condominium association, precluded the action from being dismissed against Dooley & Mack. We agree.
In order to properly dispose of this matter, we must consider Florida Rule of Civil Procedure 1.420(e). That rule provides: “All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of one year shall be dismissed by the court....” More than a year lapsed since the last record activity by Dooley & Mack because a response to request for production was filed by Dooley & Mack on October 16, 1991, and Dooley & Mack’s motion to dismiss was filed on October 28, 1992. Where, however, there has been record activity directed toward disposition of the cause as to one of the multiple defendants in the cause within the requisite one year period, as here, Florida courts have consistently held that the remaining defendants are not entitled to be dismissed from the cause for failure to prosecute the action against them individually. This is so because rule 1.420(e) only authorizes the dismissal of “actions,” not individual parties. Utset v. Campos, 548 So.2d 834 (Fla. 3d DCA 1989). See also Freeman v. Schuele, 566 So.2d 817 (Fla. 2d DCA 1990); Biscayne Awning & Shade Co., Inc. v. Miami Beach Awning Co., 565 So.2d 740 (Fla. 3d DCA 1990).
Accordingly, the litigation concerning the condominium association’s motion to dismiss was record activity directed toward the disposition of the case. This activity precluded Dooley & Mack from being dismissed because of the appellants’ failure to prosecute them individually.
We also reject Dooley & Mack’s contention that since rule 1.420(e) is entitled “Failure to Prosecute,” dismissal was proper because the condominium association was not prosecuting, but rather was defending the action. Sufficient prosecution is action on the part of either party and that action must be more than a mere passive effort. See Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla.1972). Therefore, the condominium association was in effect prosecuting the action for purposes of rule 1.420(e). Additionally, the action necessary for prosecution is considered more than a mere passive effort when it is an affirmative act directed toward the disposition of the cause. Eastern Elevator. In the instant case, the condominium association’s filing of their motion to dismiss was more than a mere passive effort since it was an affirmative act directed toward hastening the condominium association’s suit to judgment. We, accordingly, reverse the trial court’s order of dismissal and remand for proceedings consistent therewith.
Reversed and remanded.
SCHOONOVER, A.C.J., and PARKER and LAZZARA, JJ., concur.