DELL, Judge.
The trial court dismissed appellants’ amended complaint for lack of prosecution, pursuant to rule 1.420(e), Florida Rules of Civil Procedure. Appellants raise four points on appeal, two of which require reversal of the trial court’s order of dismissal.
First, the bankruptcy proceeding initiated by appellee Bruno was not concluded until ten months before the trial court’s order of dismissal for lack of prosecution. The bankruptcy action constituted a parallel proceeding and the automatic stay provisions of *868 the Bankruptcy Act prevented further proceedings in the case sub judice. See Bowman v. Peele, 413 So.2d 90 (Fla. 2d DCA), dismissed, 419 So.2d 1199 (Fla.1982); see also Barton-Malow Co. v. Gorman Co. of Ocala, 558 So.2d 519 (Fla. 5th DCA 1990).
Second, the trial court’s order of dismissal is defective because it did not dismiss the entire action. Rather, the order only dismissed the action with finality as to appellee Sanzo. See Sandini v. Florida E. Coast Properties, 454 So.2d 578 (Fla. 4th DCA 1984).
Accordingly, we reverse the order of dismissal for lack of prosecution and remand this case for further proceedings.
REVERSED and REMANDED.
STONE and SHAHOOD, JJ„ concur.