PER CURIAM.
Appellant, Martin Bookstone, appeals from the dismissal with prejudice of his cross-claim against appellee, Robin Snyder, for failure to prosecute under Florida Rule of Civil Procedure 1.420(e). We reverse.
Zelma Abarbanel filed a complaint against Bookstone and Snyder. The complaint was dismissed and amended twice at which point Bookstone answered the second amended complaint and included a cross-claim against Snyder. Snyder was served with the cross-claim and on January 28, 1997, she filed a motion to dismiss the cross-claim which was never set down for a hearing. On May 27, 1997, Abarba-nel filed a request to produce upon Book-stone to which he responded on June 27, 1997. Bookstone filed a better response to the request to produce on September 2, 1997.
On February 2, 1998, cross-defendant, Snyder, filed a motion to dismiss the cross-claim for failure to prosecute alleging no activity for a period of more than one year, that is from January 23, 1997, when she filed her motion to dismiss the cross-claim.
Rule 1.420(e) provides:
*1143 All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not....
The record in this case shows that a request to produce and responses thereto were filed between Bookstone and Abarba-nel during the year prior to Snyder’s motion to dismiss for failure to prosecute. The trial court dismissed on the ground that there was no record activity in the cross-claim.
In Phillips Petroleum Co. v. Heimer, 339 So.2d 284 (Fla. 3d DCA 1976), the trial court dismissed Phillips’s third party complaint against Heimer for failure to prosecute. There had been no record activity between those two parties for more than a year. The district court reversed on the ground that there was activity of record between another third party defendant and the original plaintiff. The district court held that:
It is well settled that action taken on the part of any party which is more than a mere passive effort, i.e., an affirmative act directed toward disposition of the cause, is sufficient to avoid dismissal for failure to prosecute. [Citations omitted]
The Florida Rules of .Civil Procedure provide for third party practice in order to avoid multiplicity of actions and to allow the entire subject arising from one set of facts to be disposed of in one action. Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836, 840 (Fla. 2d DCA 1969). There is no question that there is a proper third party complaint involved herein which should be disposed of along with the original suit. There was affirmative action taken within the required time which was directed toward disposition of the case. Given these facts, and the fact that Rule 1.420(e) is directed toward dismissal of causes of action rather than particular parties to an action, and [sic] third party complaint against Heimer and Security should not have been dismissed.
339 So.2d at 285.
In the instant case, as in Heimer, the cross-claim arose from the same sets of facts as the original complaint. There was record activity with respect to the causes of action during the year prior to the motion; therefore, Bookstone’s cross-claim against Snyder should not have been dismissed.
REVERSED.
DELL, POLEN and HAZOURI, JJ., concur.