PER CURIAM.
This appeal and cross-appeal arise from the trial court’s dismissal for failure to prosecute the case below. We affirm *421 the trial court’s ruling that Appellants failed to submit any record activity for one year preceding the motion to dismiss and failed to show good cause precluding dismissal. However, we agree with the argument on cross-appeal that the entire action should have been dismissed.
The trial court reversibly erred by declining to dismiss the entire action as to all defendants. Dismissal for failure to prosecute under rule 1.420(e), Florida Rules of Civil Procedure, is a remedy that is available only as to an entire case. On a motion for failure to prosecute, a court may not dismiss a single claim among others, nor one defending party among others. See Gadinsky v. Bruno, 695 So.2d 867 (Fla. 4th DCA 1997); Utset v. Campos, 548 So.2d 834 (Fla. 3d DCA 1989); Simmons v. Dakal Dev. Corp., 632 So.2d 717 (Fla. 2d DCA 1994). Cross Appellants have standing to appeal the order of dismissal because the order was not wholly favorable to them. See Katz v. Red Top Sedan, 136 So.2d 11 (Fla. 3d DCA 1962); Save Anna Maria, Inc. v. Department of Transp., 700 So.2d 113 (Fla. 2d DCA 1997).
We affirm the trial court’s dismissal for failure to prosecute and reverse as to that portion of the order declining to dismiss all defendants. The case is remanded for entry of an order dismissing the entire action.
AFFIRMED in part; REVERSED in part, and REMANDED.
ERVIN, BOOTH and DAVIS, JJ., CONCUR.