RAMIREZ, J.
The plaintiff, Barton Realty, Inc., appeals from an order dismissing the case for lack of prosecution pursuant to rule 1.420(e), Florida Rules of Civil Procedure. Because we conclude that the plaintiff failed to show good cause as to why the action should remain pending, we affirm.
It is undisputed that no record activity in the cause took place for a period of one year. Plaintiff argues, however, that there was good cause to maintain the case pending because there was a third-party complaint filed, which was not at issue. We stated in CPI Mfg. Co., Inc. v. Industrias St. Jack’s, S.A. De C.V., 870 So.2d 89 (Fla. 3d DCA 2003), that the resolution of a motion to dismiss for failure to prosecute involves a two-step process. “First, the defendant is required to show there has been no record activity for one year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should remain pending.” Id. *326 We also made clear that the “good cause” criteria was different from the “excusable neglect” standard.
Plaintiff cites to Shaw & Keeter Motor Co., Inc. v. Maris Distrib. Co., Inc., 403 So.2d 570 (Fla. 1st DCA 1981), for the proposition that, because the third-party complaint was not at issue, plaintiff could not notice the case for trial. He thus argues that this constitutes good cause. The Shaw case simply held that record activity on a third-party complaint during the year preceding the defendant’s motion to dismiss for failure to prosecute was sufficient to prevent the dismissal of plaintiffs complaint. Id. at 571. In our case, there was no record activity at all, either in connection with the plaintiffs complaint or the third-party complaint. The clear import of the Shaw decision is that record activity in connection with the third-party complaint serves as activity in the entire case. Under plaintiffs argument, its complaint could simply be held captive ad infi-nitum because the third-party complaint was not being prosecuted. That is not the law in our state. The plaintiff can always move to sever pursuant to rule 1.270(b), Florida Rules of Civil Procedure.[1]
We thus conclude that the trial court did not abuse its discretion in dismissing the case for lack of prosecution.

. We note that filing such a motion would alone have constituted record activity sufficient to belay any motion to dismiss.