PER CURIAM.
The plaintiff, Watsson Herbert Torre-jon, appeals from an order dismissing the action for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). We reverse.
Within the one year period established by Rule 1.420(e), the defendants, Enrique Martin, et al., filed a motion arguing that the action should be dismissed for failure to substitute parties within the 90-day time period established by Florida Rule of Civil Procedure 1.260(a)(1) [Rule 1.260(a)(1) motion to dismiss]. Although the Rule 1.260(a)(1) motion to dismiss was properly filed, it was never docketed.
The filing of the defendants’ Rule 1.260(a)(1) motion to dismiss constitutes record activity directed toward the disposition of the case. Turcio v. Carnival Cruise Lines, Inc., 727 So.2d 1138 (Fla. 3d DCA 1999); Simmons v. Dakal Dev. Corp., 632 So.2d 717 (Fla. 2d DCA 1994). Further, “[a] plaintiff can rely upon a defendant’s activities to constitute record activity.” DeVane v. P.J. Constructors, Inc., 710 So.2d 1375, 1377 (Fla. 5th DCA 1998). Accordingly, we reverse the trial court’s order dismissing the action for lack of prosecution.
Reversed.